ELBRIDGE G. COOK *vs.* SAMUEL W. DOGGETT.

One who has paid a portion of the price for a piece of land, under an oral contract for the purchase thereof, and is ready and able to pay the residue upon delivery to him of a deed of the land, according to the terms of the contract, may recover back the money so paid by him without proving a formal tender of the residue of the money, if the vendor upon request by the vendee has refused to perform his part of the contract.

If one enters into possession of land under a verbal contract for the purchase of the same, and cuts the grass thereon and puts it into the owner's barn without being requested by the owner to do so, and the owner afterwards refuses to fulfil the contract, no action lies to recover for the expense of cutting the grass.

CONTRACT to recover back $100, paid by the plaintiff as a portion of the price of land, under an oral contract for the purchase thereof with the defendant, which the defendant afterwards refused to fulfil.; and the expense of cutting and gathering into the defendant's barn the grass thereon.

At the trial in the superior court, the plaintiff introduced evidence tending to show that the defendant sold to the plaintiff a farm, with certain personal property thereon, for $5500, and orally agreed to prepare and execute a deed thereof, he receiving at the time $100 to bind the bargain, and the plaintiff agreeing to pay the residue upon delivery of the deed; that afterwards the parties met for the purpose of completing the transaction, and the defendant refused to fulfil his contract, under circumstances not necessary to be stated here in detail; that the plaintiff was prepared to pay the money, and the defendant knew it; and that after the making of the contract the plaintiff entered into possession of the land, and cut the grass, and put it into the defendant's barn, and the defendant had the benefit of it; but there was no evidence of any request by the defendant for him to cut it.

Upon this evidence, *Morton*, J. instructed the jury that, if the defendant refused to perform the contract on his part, it was sufficient to enable the plaintiff to maintain this action for him to show that he was ready to perform his part of the same, and that it was not necessary for him to make a tender of performance; and that the plaintiff was not entitled to recover for the

expense of cutting the grass. The jury returned a verdict for the plaintiff for $100 and interest, and both parties alleged exceptions.

*P. C. Bacon*, for the plaintiff, cited, on the first point, *Tinney* v. *Ashley*, 15 Pick. 546; *Rawson* v. *Johnson*, 1 East, 206; *Norwood* v. *Read*, Plow. 180; *Merrit* v. *Rane*, 1 Stra. 458; *Hudson* v. *Swift*, 20 Johns. 27; and, on the second point, *Kidder* v. *Hunt*, 1 Pick. 328.

*F. H. Dewey & W. F. Slocum*, for the defendant, cited, on the first point, *Congdon* v. *Perry*, 13 Gray, 3; *Coughlin* v. *Knowles*, 7 Met. 57; *Abbott* v. *Draper*, 4 Denio, 51; *Richards* v. *Allen*, 17 Maine, 296; *Newcomb* v. *Brackett*, 16 Mass. 161; *Kane* v. *Hood*, 13 Pick. 281; *Williams* v. *Healey*, 3 Denio, 363; *Pordage* v. *Cole*, 1 Saund. 320, *n.;* and, on the second point, *Bartholomew* v. *Jackson*, 20 Johns. 28; *Shreve* v. *Grimes*, 4 Littell, (Ky.) 224; *Gillet* v. *Maynard*, 5 Johns. 85; *Middleborough* v. *Taunton*, 2 Cush. 406.

METCALF, J. An action for money had and received lies for recovering back money paid by a party to an agreement which is invalid by the statute of frauds, and which the other party refuses to perform. *Gillet* v. *Maynard*, 5 Johns. 85. Browne on St. of Frauds, § 122. This is not denied by the defendant; but he contends that this action cannot be maintained, because the plaintiff did not tender to him the rest of the money which, by the terms of their oral agreement, he was to receive for performance of his part of that agreement.

It is very clear, on the authorities, that the judge, at the trial, correctly instructed the jury that if the defendant refused to perform his part of the contract, the plaintiff could maintain this action by showing that he was ready to perform on his part, without showing that he made a tender. According to the contract, concurrent acts were to be done by the parties; the defendant to execute a deed, and the plaintiff to pay money. In such a case, when one party refuses to do what he had engaged to do, the other party need not do, nor formally offer to do, what he had engaged to do; readiness to do it being all that he needs to allege or prove. 1 Saund. 320 *e*, note 5. *Adams*

v. *Clark*, 9 Cush. 215, & cases there cited. *Rawson* v. *Johnson*, 1 East, 203. *Waterhouse* v. *Skinner*, 2 B. & P. 447. *Jackson* v. *Allaway*, 7 Scott, N. S. 875, and 1 Dowl. & Lowndes, 919. *Boyd* v. *Lett*, 1 C. B. 222. *Smith* v. *Lewis*, 26 Conn. 110. In this last case, Chief Justice Storrs said: " Some misapprehension or confusion appears to have arisen from the mode of expression used in the books in treating of the necessity of a tender or offer by the parties, as applicable to the case of mutual and concurrent promises. The word ' tender,' as used in such a connection, does not mean the same kind of offer as when it is used with reference to the payment or offer to pay an ordinary debt due in money, where the money is offered to a creditor who is entitled to receive it and nothing further remains to be done, but the transaction is completed and ended ; but it only means a readiness and willingness, accompanied with an ability, on the part of one of the parties, to do the acts which the agreement requires him to perform, provided the other will concurrently do the things which he is required by it to do, and a notice by the former to the latter of such readiness. Such readiness, ability and notice are sufficient evidence of, and indeed constitute and imply an offer or tender in the sense in which those terms are used in reference to the kind of agreements which we are now considering." These remarks are applicable to some of the cases which were cited by the defendant's counsel.

The judge also correctly instructed the jury that the plaintiff could not recover for the expenses of cutting the hay, as it was not cut at the defendant's request. There was no express or implied undertaking by the defendant to pay for cutting the hay ; the work was done, or caused to be done, by the plaintiff, for his own benefit, on the faith that the defendant would convey the land agreeably to his oral engagement, which the plaintiff must be supposed to have known he could not by law enforce. *Gillet* v. *Maynard*, 5 Johns. 85. *Shreve* v. *Grimes*, 4 Littell, 220, 224. *Welsh* v. *Welsh*, 5 Ohio, 267. Browne on St. of Frauds, § 119.                    *Exceptions of both parties overruled.*