22840. BRIGHTWELL *v.* OGLETHORPE TELEPHONE COMPANY *et al.*

DECIDED SEPTEMBER 20, 1933.

522

524

Wolver M. Smith, Lamar C. Rucker, Walter W. Armistead, for plaintiff.

Tutt & Brown, E. P. Shull, Hamilton McWhorter, Joel Cloud, for defendants.

MacIntyre, J. (After stating the foregoing facts.) The plaintiff in error contends that there is only one question of law in this case, and that is whether the plaintiff in error had the right to charge against the Oglethorpe Telephone Company his time, labor, and expenses. The Supreme Court having held that the case "involves only the question of whether the evidence would have authorized a recovery upon the theory of an implied contract," this court is limited to a determination of that question. "The rule as generally stated is that where one renders beneficial services for another, the law ordinarily presumes a request and promise to pay what such services are reasonably worth, . . . unless they were rendered under circumstances which repel this presumption. But the law will not imply a promise to pay for services contrary to the intention of the parties." 20 Cyc. 2802. "There can be no recovery for services rendered voluntarily and with no expectation at the time of the rendition that they will be compensated, and this is true whether the services were or were not beneficial. Under such circumstances no obligation, whether legal or moral, is incurred. A subsequent change of intention by the parties performing the services does not alter the rule." 15 Am. & Eng. Enc. Law (2d ed.), 1079. "A person can not be made a debtor whether he will or not for gratuitous services." Id. 1080. The Civil Code (1910), § 5513, says that "Ordinarily, when one renders services or transfers property valuable to an-

other which the latter accepts, a promise is implied to pay the reasonable value thereof." In Cook *v.* Doggett, 84 Mass. (2 Allen) 439, the headnote is: "One who has paid a portion of the price for a piece of land, under an oral contract for the purchase thereof, and is ready and able to pay the residue upon delivery to him of a deed of the land, according to the terms of the contract, may recover back the money so paid by him without proving a formal tender of the residue of the money, if the vendor upon request by the vendee has refused to perform his part of the contract. If one enters into possession of land under a verbal contract for the purchase of the same, and cuts the grass thereon and puts it into the owner's barn without being requested by the owner to do so, and the owner afterwards refuses to fulfill the contract, no action lies to recover for the expense of cutting the grass." In the opinion it is said: "The judge also correctly instructed the jury that the plaintiff could not recover for the expenses of cutting the hay, as it was not cut at the defendant's request. There was no express or implied undertaking by the defendant to pay for cutting the hay; the work was done, or caused to be done, by the plaintiff, for his own benefit, on the faith that the defendant would convey the land agreeably to his oral engagement, which the plaintiff must be supposed to have known he could not by law enforce." Generally the value of services performed and money paid under a mere mistake of law can not be recovered. 2d Elliott, 645, § 1391. This is true because ignorance of the law is no excuse. The plaintiff in this case testified, "at the time the work was done on the property by me I was doing it as my own property. I kept no direct books. I thought the outfit was mine, and I think yet it is mine. When I took over the telephone company all these various articles and various improvements and repairs over the lines were made." It will be noted that the plaintiff said he was doing it for his own benefit, because he thought the property was his own. This was a mistake of law, not of fact, for he could not by law enforce the oral agreement. Therefore, conceding that the oral agreement had been made, no earnest money having been paid, the plaintiff was presumed to have known that the statute of frauds would prevent him from enforcing the oral agreement, and when he, without any request, performed the services and expended the money

for his own benefit upon the faith of the agreement, he knew or was presumed to have known that under the law he could not enforce the oral engagement, and no action would lie to recover for his services and expenditures. The plaintiff having taken charge of the property as his own, knowing it was not his, for the law says he was presumed so to know, and having performed services and made expenditures thereon without any right so to do, the improvements made by him were at his peril. We therefore hold that the auditor improperly made the award in behalf of the plaintiff, under the facts in the case, and the trial judge did not err in setting the same aside.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*