## 40300. ADDISON v. SOUTHERN RAILWAY COMPANY.

DECIDED SEPTEMBER 16, 1963.

*Oliver, Oliver & Gunter, Jack N. Gunter,* for plaintiff in error.
*Wheeler, Robinson & Thompson, B. Carl Buice,* contra.

NICHOLS, Presiding Judge. The plaintiff's amended petition alleges an implied contract under which the plaintiff would be entitled to recover on a quantum meruit basis. The motion for summary judgment and the sworn testimony in connection therewith show a contract (actual or implied), between the plaintiff and the United States Post Office Department under which the plaintiff was a "mail messenger" employed to transport mail between the Post Office where he was employed and the defendant railroad, that at the time he first began such employment the necessary labor to load and unload mail from trains operated by the defendant was furnished by the defendant, but that later the employees of the defendant performing such labor were discharged and the plaintiff was then required to perform the task of loading and unloading mail from such trains. Other evidence showed that the plaintiff expressed to the defendant's agent his belief that he should be paid for such additional services rendered in connection with the handling of the mail but that the plaintiff, when the services were begun, was never hired to do the job.

In *Brightwell v. Oglethorpe Tel. Co.,* 47 Ga. App. 521, 526 (171 SE 162), it was held: " 'The rule as generally stated is that where one renders beneficial services for another, the law ordinarily presumes a request and promise to pay what such services are reasonably worth, . . . unless they were rendered under circumstances which repel this presumption. But the law will not imply a promise to pay for services contrary to the intention of the parties.' 20 Cyc. 2802. 'There can be no recovery for services rendered voluntarily and with no expectation at the time of the rendition that they will be compensated,

and this is true whether the services were or were not beneficial. Under such circumstances no obligation, whether legal or moral, is incurred. A subsequent change of intention by the parties performing the services does not alter the rule.' 15 Am. & Eng. Enc. Law (2d Ed.), 1079." From the evidence adduced with regard to defendant's motion for summary judgment it appeared that at the time the services were rendered neither the plaintiff nor the defendant anticipated that the defendant would compensate the plaintiff for the services rendered. Under such circumstances the trial court did not err in granting the defendant's motion for summary judgment. Generally, as to summary judgments, see *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766 (115 SE2d 374); *McGeeney v. Robertson*, 102 Ga. App. 318 (116 SE2d 252); *Scales v. Peevy*, 103 Ga. App. 42 (118 SE2d 193).

*Judgment affirmed. Frankum and Jordan, JJ., concur.*