40727.   FISHER, By Guardian v. TEMPLE.

DECIDED JUNE 19, 1964.

*Heard & Leverett, E. Freeman Leverett, Joseph S. Skelton,* for plaintiff in error.

*William O. Carter, Carey C. Carter, Jr.,* contra.

JORDAN, Judge. 1. The plaintiff alleged in paragraph 8 of the petition as follows: "That there was no oncoming traffic and no other traffic upon said public roads which would have in anywise hindered or prevented defendant Fisher from passing said Ford station wagon in defendant's left-hand lane of State Route 77 on said occasion." In paragraph 10 (g) he alleged that the defendant was negligent: "In said defendant negligently failing to operate said vehicle to his left of said Ford station wagon along some part of said paved roadway and left shoulder of said highway, there being adequate space and opportunity for him so to have done to avoid said collision."

The defendant in paragraph 10 of his demurrers attacked these allegations on the ground that they charged the defendant with negligence "for failing to pursue a course of conduct which itself would constitute negligence, to wit, passing a vehicle at an intersection, and said paragraphs therefore are incorrect conclusions of law."

Under the allegations of the petition, the defendant by his asserted negligence in traveling at an illegal and excessive speed and in failing to maintain a vigilant lookout produced a condition of danger of imminent collision with the plaintiff's station wagon which under the allegations of paragraphs 8 and 10 (g)

could have been averted by his turning to the left side of the roadway. Accordingly, his failure to turn under the alleged conditions was a proper specification of negligence notwithstanding the provisions of *Code Ann.* § 68-1637(b) (2) which state: "No vehicle shall at any time be driven to the left side of the roadway under the following conditions: When approaching within 100 feet of or traversing any intersection or railroad grade crossing." While the jury could consider the prohibition of this Code section in determining the question of the defendant's alleged negligence in failing to turn to the left at the intersection to avoid the collision, such would not as a matter of law excuse the defendant from taking such action to avoid a condition of danger allegedly created by him. This ground of demurrer was without merit.

2. The defendant in paragraph 10(a) of his answer alleged that the sole proximate cause of the collision was the act of Mrs. Ann Temple, the driver of plaintiff's automobile, in undertaking to make a right turn, "without giving a turn signal continuously during not less than the last 100 feet traveled by said vehicle prior to starting to turn, the same being contrary to law and negligence per se."

This was the principal defense of the defendant, and being supported by the evidence, it was incumbent upon the trial court to charge the jury the law applicable thereto. *Jones v. Alred,* 41 Ga. App. 472 (2) (153 SE 444); *Awbrey v. Johnson,* 45 Ga. App. 663, 664 (2a) (165 SE 846). The court in recognition of its duty gave in charge to the jury the provisions of *Code Ann.* § 68-1647(a) which state in part that: "No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement." The court did not, however, charge the provisions of subsection (b) of this Code section which defined "an appropriate signal" as follows: "A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

This latter subsection was clearly material and applicable to the defendant's primary defense that Mrs. Temple had not given

a proper turn signal; and under the record in this case, the failure of the court to give the provisions of *Code Ann.* § 68-1647 (b) in charge to the jury constituted reversible error as contended in special ground 4 of the amended motion for new trial. The evidence authorized the finding that Mrs. Temple had given a turn signal but that the signal given by her did not meet the requirements of subsection (b); and it was thus especially harmful for the court to charge the jury that an appropriate turn signal must be given, as provided by subsection (a), without defining "an appropriate signal," as prescribed by subsection (b). "When a judge undertakes to charge the law upon a particular subject, he should charge all on the subject that is material and applicable to the case." *Bennett v. George,* 105 Ga. App. 527, 531 (125 SE2d 122).

It was also error for the court to fail to charge the provisions of *Code Ann.* § 68-1647 (c), as contended in this ground, and the applicable provisions of *Code Ann.* § 68-1648 (a), as contended in special ground 13.

The contention of the plaintiff that the defendant's brief of evidence is incomplete in that it does not contain the documentary evidence adduced on the trial, and, consequently, that the court should not consider any assignment of error which requires reference to the evidence, is without merit. The brief of evidence which was approved by the trial court, apparently without objection by the plaintiff as there is no exception to that order, contains a summary of the documentary evidence as authorized by *Code Ann.* § 70-301; and such summary is sufficient for a review of the assignments of error here.

3. The trial court on the subsequent trial of this case should not give in charge to the jury the provisions of subsection (b) (1) of *Code Ann.* § 68-1626, these provisions being inapplicable to the case as contended in special ground 6.

Nor should the court over timely and proper objection allow a witness for the plaintiff to testify as to declarations of good health made by the plaintiff's wife prior to the collision, or conversely, as to the lack of complaints by her as to poor health, where such testimony is offered for the purpose of proving the fact of good health. This would constitute inadmissible hearsay as contended in special ground 8. *Code* § 38-301.

Special ground 12, which complains of the denial of the defendant's motion for mistrial, concerns matter which is not likely to recur on the subsequent trial of the case; and this ground is not ruled upon.

4. The remaining special grounds are without merit. The general grounds have been abandoned. For the reasons stated in Division 2 the judgment of the trial court denying the amended motion for new trial must be reversed.

*Judgment affirmed in part, reversed in part. Bell, P. J., and Eberhardt, J., concur.*