## 48692. CREATIVE SERVICE, INC. v. SPEARS CONSTRUCTION COMPANY.

STOLZ, Judge. The plaintiff brought an action against the defendant construction company in two counts, one on account and the other on quantum meruit, to recover its cost of producing suggestions and proposals for stationery, envelopes, and a sales brochure, which were submitted to the defendant for its approval. The trial judge, sitting as the trior of the facts, entered judgment in favor of the defendant, from which the plaintiff appeals. *Held:*

1. In the absence of a transcript of evidence in this case, we must accept the findings of the fact of the trial judge, who heard the evidence as the trior of the facts. His findings and judgment will not be disturbed by this court if there is any evidence (as found by him) to support them. *West v. West,* 228 Ga. 397 (1) (185 SE2d 763); *Thompson v. Maslia,* 127 Ga. App. 758, 764 (195 SE2d 238).

2. The plaintiff's contention, that the trial judge never ruled on the issues of account or quantum meruit in his judgment, is rebutted by the trial judge's statement in his order denying the motion for new trial: "At the time of the trial, it was my opinion that the plaintiff failed to make out a case *on account or in quantum meruit.*" (Emphasis supplied.)

3. "Where a *contract* for services has been *made* and *broken* by [one party], the other party, if he has performed any of the services contemplated, may either maintain an action to obtain damages for the loss sustained by the breach of the contract, or he may sue on a quantum meruit to recover the value of the services so performed." (Emphasis supplied.) *Brown v. Home Security Corp.,* 106 Ga. App. 147 (2) (126 SE2d 439). "A recovery under quantum meruit must be based upon a promise, express or implied, to pay for the services rendered, and the existence of an express promise or agreement to pay does not ipso facto create an express contract." Id., Hn. 1. "A recovery on a quantum meruit basis may not be obtained where the services [even if beneficial] are rendered with no anticipation that compensation is to be received." *Addison v. Southern R. Co.,* 108 Ga. App. 314 (132 SE2d 833).

The evidence found by the trial judge authorizes his finding of no meeting of minds, hence no contract, which, properly construed, means neither one for the preliminary services nor one for the final products. Absent a contract, the action on account must fail.

4. Even if the evidence be construed to support the existence of a contract to purchase the final products only if the defendant was satisfied with the proposals or some of them, moreover, this type of contract was upheld in *Mackenzie v. Minis,* 132 Ga. 323, 327 (63 SE 900), in which the court held that ". . . there is nothing illegal or extraordinary in undertaking to do a thing or furnish an article the acceptance of which shall depend on the satisfaction of the other contracting party. Where the fancy, taste, sensibility, or judgment of the promisor is involved, there is practical unanimity that if one agrees to accept and pay if he is satisfied with a thing, he can not be compelled to do so on proof that other people are satisfied with it, or that he ought to be."

5. The plaintiff urges that, even absent any contract, "[o]rdinarily, when one renders services or transfers property *valuable to another,* which the latter accepts, a promise is implied to pay the reasonable value thereof; . . . "(Emphasis supplied.) Code § 3-107. The evidence authorizes the finding that the services rendered and the property transferred were merely preliminary suggestions and proposals for the final products — printed matter which *would* have been produced and delivered to the defendant *if* the defendant had made selections and given its approval and order therefor, which it was not contractually obligated to do and which it in fact never did. As such, these services and property (which were admittedly retained by the defendant) were not in themselves valuable to the defendant, absent any showing that it had actually utilized them.

The judgment was authorized by the evidence; therefore, the trial judge did not err in entering the judgment and denying the motion for new trial.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED OCTOBER 9, 1973 — DECIDED OCTOBER 30, 1973.

*Cotton, Katz & White, J. Christopher Simpson,* for appellant.
*Smith, Currie & Hancock, Kent P. Smith,* for appellee.

