50014. VENTURE CONSTRUCTION COMPANY v. GREAT AMERICAN MORTGAGE INVESTORS et al.

CLARK, Judge.

Plaintiff, Venture Construction Company (hereafter called "Construction Company") appeals from the grant of a motion for partial summary judgment to co-defendant

Recognized Without Regard to Contents of Sales Contract. 11 Ga. S. B. J. 172 (1975).

Great American Mortgage Investors ("GAMI"). The motion was addressed solely to paragraph 12.

In its complaint construction company alleged that defendants GAMI and Foursquare Development Corporation were joint venturers in a condominium real property development. While defendants denied such joint venture relationship existed it was assumed *arguendo* in considering GAMI's partial summary judgment motion, that the joint venture did exist. Based, in part, upon this assumption, the facts giving rise to this appeal may be summarized as follows:

On January 14, 1972, Construction Company entered into a building contract with Foursquare. The parties stipulated the guaranteed maximum cost of the project would be $1,085,720, subject to adjustment in accordance with the terms of the contract. Following commencement of the construction, work continued thereon throughout 1972. However, various disputes subsequently arose between plaintiff and defendants concerning certain expenditures made by plaintiff at the direction of the defendants. To settle their differences with the goal of completing construction, they finally reached an agreement. The terms thereof were stated in a lengthy document approved February 2, 1973, which the parties designated by the term "modification agreement."

In part the modification agreement reads: "Whereas, Venture has entered into construction contemplated by the Construction Contract and continues in construction as of the date of this Agreement; and Whereas, in the course of the above described construction certain changes were authorized and approved by Foursquare, or its representatives, and certain good faith disputes have arisen about other change orders; and Whereas, the parties hereto wish to modify the Construction Contract. . . in accordance with terms set forth below in an attempt to achieve successful completion of [the] Project; now, therefore, the parties hereto for and in consideration of the covenants and promises set forth below do hereby agree as follows: 1. The guaranteed maximum cost of $1,085,720.00 set forth in the Construction Contract is hereby increased to a final guaranteed maximum cost of $1,157,971.68. The amount of the increase, $72,251.68 . . .

shall be paid to Venture in accordance with the terms of this Agreement."

Following this contractual settlement of its dispute with defendants, plaintiff completed construction of the condominium project. Despite plaintiff's demand for payment, defendants refused to pay plaintiff any monies after September 12, 1973, when $26,478.00 remained owing under the original agreement. Moreover, defendants were unable to pay plaintiff the agreed amount of $72,251.68 established by the modification agreement as the increased cost over the original agreed maximum.

This suit was then instituted. Damages claimed are $26,478 under the original contract, $72,251.78 representing the cost increases of the change orders agreed to in the modification agreement, and $97,987.15 in ". . . additional direct costs for the completion of the work. . ." (R. 12). This last item is contested by GAMI on the basis that it was settled by the modification agreement and constituted an accord and satisfaction. The trial court sustained this contention. Construction Company has taken this appeal from that partial summary judgment. *Held:*

1. Appellant's able attorney ardently argues that the modification agreement was not supported by a valid consideration; that, therefore, the agreement amounted to a mere executory accord; that there had been no satisfaction of the accord; and that, accordingly, plaintiff is entitled to seek the "additional direct costs" in paragraph 12 pursuant to a theory of implied contract. This argument is erroneous.

First, we do not construe paragraph 12 as setting forth a quantum meruit claim for relief. It neglects to mention implied contract; and, more importantly, it fails to disclose the "reasonable value" of the services rendered. Second, even assuming that a quantum meruit claim is set forth, the claim must fail for the reasons presented below.

In *Riley & Co. v. London Guaranty &c. Co.,* 27 Ga. App. 686 (109 SE 676), this court noted: "All claims, whether disputed or undisputed, may furnish the subject-matter of an agreement in accord and satisfaction,

provided such agreement, like all other contracts, is supported by a consideration. *When such a valid plea is proved as laid, the rights of the creditor are controlled thereby. (a) Where the amount of the claim is unliquidated, the mere adjustment of such a bona fide dispute by the express terms of a new agreement will of itself afford a valid consideration,* sufficient to render the new agreement binding, and *this would be true whether the new agreement had been actually performed or not."* (Emphasis supplied.) Accord, *Collins v. Louisville &c. R. Co.,* 92 Ga. App. 814 (89 SE2d 908); *Doyal v. Ben O'Callaghan Co.,* 132 Ga. App. 336 (208 SE2d 136). For, "After such latter contract [of accord and satisfaction] has been entered into, *a mere breach of it,* or the declared intention of one of the parties not to abide by it, *will not of itself operate to fix the status of the parties the same as it was prior to the making of the latter contract." Byrd Printing Co. v. Whitaker Paper Co.,* 135 Ga. 865 (2a) (70 SE 798). (Emphasis supplied.)

As the parties, in good faith, disputed as to which of the change order expenditures were covered by the original construction contract, their agreed settlement of the dispute afforded a new and sufficient consideration for the modification agreement. Thus, plaintiff's rights are controlled by the modification agreement even though defendants have failed to pay the agreed amount of $72,251.68. This is because their agreement was a binding accord *and* satisfaction by virtue of the change order compromise.

Plaintiff contends the failure of defendants to perform pursuant to the conditions of the modification agreement authorized plaintiff to elect to recover for *either* the breach of the original construction contract (under an express contract theory) plus the additional expenditures which were not covered by the original agreement (under an implied contract theory), *or* the breach of the modification agreement itself. In support of this contention, plaintiff relies upon *Farmers State Bank v. Singletary,* 22 Ga. App. 653 (97 SE 90) and *Russell v. Smith,* 77 Ga. App. 70 (47 SE2d 772).

In those cases, plaintiffs brought suit to recover for the breach of an accord and satisfaction which arose, as in the case at bar, by virtue of the settlement of a bona fide

dispute between the parties. In upholding the right of the plaintiffs to sue upon the compromise agreements, this court gratuitously added that plaintiffs could, at their option, sue upon the original agreement as well. Because this language was dictum rather than ratio decidendi we neither follow nor adopt it.

While a plaintiff may simultaneously *sue* upon theories of express contract and, alternatively, implied contract (*Ford v. Harden,* 94 Ga. App. 902 (96 SE2d 617); *Farmers Warehouse v. Collins,* 220 Ga. 141, 151 (137 SE2d 619)), he cannot *recover* on a quantum meruit where an express contract exists. *Brannen v. Lanier,* 97 Ga. App. 30 (1) (102 SE2d 96); *Willis v. Kemp,* 130 Ga. App. 758 (204 SE2d 486); *Bank Building &c. Corp. v. Georgia State Bank,* 132 Ga. App. 762 (209 SE2d 82). "There cannot be an express and implied contract for the same thing existing at the same time between the same parties. It is only when the parties themselves do not expressly agree, that the law interposes and raises a promise; and no agreement can be implied where there is an express one existing." *Ramsey v. Langley,* 86 Ga. App. 544, 549 (4) (71 SE2d 863).

Since the "additional direct costs" had been contemplated and compromised by an express contract, i.e., the accord and satisfaction, plaintiff cannot recover for those costs on quantum meruit.

The court did not err in granting defendant GAMI's motion for a partial summary judgment.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Argued January 9, 1975 — Decided March 14, 1975 — Rehearing denied April 4, 1975 —

*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr., James H. Rollins,* for appellant.

*Alston, Miller & Gaines, Ronald L. Reid,* for appellees.