## 70070. HARDIN v. HUNTER.
(331 SE2d 83)

CARLEY, Judge.

Appellee-plaintiff instituted the instant action by filing a two-count complaint. In Count I, appellee alleged the existence of an express contract to construct a motel, and sought to recover the unpaid amount owing on that alleged contract. In Count II, appellee also sought to recover for the construction work on the motel, but in quantum meruit. The case was submitted to a jury and a verdict was returned in favor of appellee on his quantum meruit count. The motion for new trial was denied and appellant appeals.

1. The first enumeration of error relates to the testimony of an expert witness called by appellee. The main assertion is that this witness was not qualified to give expert testimony in the area of cost estimating. The witness was a registered architect. Before he was allowed to give the contested testimony, the witness testified that "[c]ost estimating [was] a supplementary service to architectural services. It's done as a budgeting — what's called engineering budgeting." He further testified that, as an architect, he did cost estimating and had previous experience with "projects up to a quarter of a million dollars." Appellant's contention is that the witness was not qualified to testify in the instant case because he lacked prior personal cost estimating experience with specific regard to motels.

"[I]t is not required that expertise be based only on personal experience. Education and training are sufficient predicates for an expert opinion." *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 220 (312 SE2d 386) (1983). "Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. [Cit.]" *Hogan v. Olivera*, 141 Ga. App. 399, 401 (233 SE2d 428) (1977). The trial court, in the sound exercise of its discretion, was authorized to find that the witness in the instant case was initially qualified to give expert testimony as to cost estimating. See generally *Inta-Roto, Inc. v. Guest*, 160 Ga. App. 75, 76 (1) (286 SE2d 61) (1981). " 'If it be developed by further examination that the opinion is based on inadequate knowledge, this goes to the credibility of the witness rather than to the admissibility of the evidence.' " *Jones v. Ray*, 159 Ga. App. 734, 736 (285 SE2d 42) (1981).

Appellant also asserts that the trial court made numerous other erroneous rulings during the course of this witness' testimony. We have considered each instance of purported error and find none to warrant reversal.

2. The general grounds are enumerated. In this regard, appellant contends that a recovery in quantum meruit is not authorized where an express contract exists. See generally *Venture Constr. Co. v. Great*

*American Mtg. Investors*, 134 Ga. App. 440, 444 (214 SE2d 683) (1975).

" 'A recovery under quantum meruit must be based upon a promise, express or implied, to pay for the services rendered, and the existence of an express promise or agreement to pay does *not* ipso facto create an express contract.' [Cit.]" (Emphasis supplied.) *Creative Service v. Spears Constr. Co.*, 130 Ga. App. 145 (3) (202 SE2d 581) (1973). The evidence in the instant case clearly authorized a finding that, although there was an express oral agreement that appellee would be paid for his work, there was no express contract establishing the definite terms upon which he would be paid. Quantum meruit is an available remedy "when there was no express stipulation as to the value of the services to be performed, and the compensation therefor necessarily depended upon an implied promise to pay." *Cooney v. Foote*, 15 Ga. App. 455 (3) (83 SE 896) (1914).

The trial court did not err in denying the motion for directed verdict as to the quantum meruit count, in entering judgment on the jury's verdict, or in denying the motion for judgment n.o.v.

3. Appellant asserts that the trial court erred in refusing to require that appellee elect which of his two counts, express contract or quantum meruit, would be submitted to the jury.

"[A] plaintiff may simultaneously *sue* upon theories of express contract and, alternatively, implied contract ([cits.]), [although] he cannot *recover* on a quantum meruit where an express contract exists. [Cits.]" (Emphasis in original.) *Venture Constr. Co. v. Great American Mtg. Investors*, supra at 444. Accordingly, appellee was not required to elect between his two counts prior to the jury's verdict. "[T]he claimant . . . is not required to make an election between inconsistent remedies prior to the verdict, [although] he must make, and be given the opportunity to make, an election prior to the formulation and entry of judgment." *UIV Corp. v. Oswald*, 139 Ga. App. 697, 699 (229 SE2d 512) (1976).

4. Appellee's motion for the imposition of 10% penalty for frivolous appeal is denied.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 8, 1985 —
REHEARING DENIED MAY 14, 1985.

Walton Hardin, *pro se.*
John Paul Batson, for appellee.