### 75767. ALLISON v. KELLER INDUSTRIES, INC.
(367 SE2d 70)

SOGNIER, Judge.

David Allison sued Keller Industries, Inc., for damages he sustained when a ladder manufactured by Keller allegedly collapsed beneath him. The suit was brought on the theories of strict liability and common law negligence. The jury returned a verdict in favor of Keller and Allison appeals from the judgment thereon.

1. Appellant enumerates as error three instructions given the jury by the trial court, asserting that the charges excluded appellant's theory of strict liability. The first charge consisted of the instruction, "if you find from the evidence that the defendant [appellee] was not negligent, then it would be your duty to return a verdict in the defendant's favor, even though the precise cause of the occurrence remains a matter of speculation." The second charge provided that "in order to recover damages, the plaintiff [appellant] must show by a legal preponderance of the evidence that the loss complained of was proxi-

mately caused by the negligence of the defendant." The final charge enumerated as error set forth the proposition that "if you find that the plaintiff and the defendant were both at fault, the plaintiff may recover only if you believe from the evidence that the plaintiff and the defendant were not equally at fault, but that a greater degree of fault is attributable to the defendant than to the plaintiff."

Appellant does not contend these charges are incorrect statements of the law of negligence. Rather, he asserts that giving these correct charges on negligence may have confused the jury, causing them to apply negligence principles not applicable to his strict liability theory of recovery, thereby resulting in the jury's verdict in favor of appellee.

Since two theories of law were proposed in support of appellant's cause of action, the trial court did not err by giving separate instructions thereon. See *Goober v. Nix*, 128 Ga. App. 578, 580 (4) (197 SE2d 486) (1973). And, having undertaken to charge the law on these two particular subjects, the trial court was obligated to charge all that was material and applicable. See *Fisher v. Temple*, 109 Ga. App. 859, 862 (2) (137 SE2d 545) (1964). In *Southern R. Co. v. Lee*, 59 Ga. App. 316 (200 SE 569) (1938), this court addressed the railroad company's enumerations that the order in which certain charges were given by the trial court were calculated to mislead the jury into allowing the plaintiff to recover at least reduced amounts. We noted that the propositions of law were not given in connection with each other, but were given separately. "Each is a separate and distinct proposition of law, and neither one modifies or qualifies the other." Id. at 317 (3). The transcript of the charge in this appeal reveals even less grounds for complaint than in *Southern Railway*, supra, since the trial court here separated the charges on "defects" (i.e., strict liability) from the portion of the charge on negligence both in the general charges and in the later portion of the charge involving damages. While it may be a better practice to elucidate clearly for the jury that more than one theory of recovery is involved and to caution the jury not to apply the standards applicable only to one theory to a second or other theory, the standard remains that all that is required is a charge sufficiently clear to be understood by jurors of ordinary capacity and understanding. See *Green v. Trevena*, 142 Ga. App. 621, 622 (236 SE2d 775) (1977). We cannot agree with appellant that the charge as a whole given by the trial court could have confused a jury of ordinary capacity and understanding and thus no reversible error is presented.

2. Appellant contends he was denied a thorough and sifting cross-examination of appellee's expert witness, Richard Verhalen, by the trial court's refusal to allow appellant's counsel to refer to the case names of previous cases in which Verhalen had testified on behalf of appellee. Counsel instead was restricted to identifying these cases by

the use of dates, locations and courts. Appellant argues that because Verhalen indicated on direct examination that he and his firm conducted accurate analyses of the products submitted regardless of which party requested the testing, and that Verhalen stated he had testified on behalf of both plaintiffs and defendants, appellant's counsel was entitled to cross-examine the witness as to his impartiality.

However, the record reveals that the sole thrust of the questions asked Verhalen on cross-examination in which the "nameless" cases were involved was directed towards establishing the number of times Verhalen had testified on appellee's behalf. Unlike counsel in *Harrison v. Regents of Univ. System*, 99 Ga. App. 762 (109 SE2d 854) (1959), cited by appellant, there was no indication by appellant's counsel that Verhalen would be questioned as to evidence that Verhalen had rarely, if ever, testified on behalf of plaintiffs or that Verhalen had misrepresented himself and his firm when he stated that he "testif[ied] for the product." Rather, the record reflects that despite the restriction on the use of case names, appellant successfully elicited the testimony desired, namely, that Verhalen had indeed testified on behalf of appellee on numerous occasions.

Thus, appellant has not demonstrated how the trial court's denial of counsel's request to identify previous cases by the names of the parties prevented appellant from cross-examining Verhalen as to his impartiality or lack thereof. "The trial court has a discretion to control the right of cross-examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused. [Cit.]" *Pope v. Firestone Tire &c. Co.*, 150 Ga. App. 396, 399 (3) (258 SE2d 14) (1979). See also *Hightower v. McIntyre*, 170 Ga. App. 269, 270 (2) (316 SE2d 849) (1984). We find no abuse here.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 19, 1988 —
REHEARING DENIED MARCH 3, 1988 —

*Randolph A. Mayer*, for appellant.
*Samuel P. Pierce, Jr.*, for appellee.