A89A0330. ALL RISK INSURANCE AGENCY, INC. v. BELK.
(382 SE2d 361)

SOGNIER, Judge.

All Risk Insurance Agency, Inc. appeals from a jury verdict and judgment entered against it on a claim brought by Wanda Belk, a former agent, for recovery of unpaid commissions.

Construed to uphold the verdict, the evidence adduced at trial discloses that appellee was employed by appellant as an insurance sales agent from March 1986 until her termination in September 1987, and that her duties included selling insurance policies and servicing existing accounts as needed. At the time relevant to this action appellee was paid a commission of four percent on net sales (premiums received for policies sold less any prorated chargebacks for cancelled policies). Commissions were credited to her producer account as policies were sold, but she received a set amount twice a month regardless of the actual volume of her sales. Appellee's account contained a net balance of $5,166.70 when she was terminated, which is the amount the jury awarded.

1. Appellant enumerates the general grounds, and also contends the trial court erred by submitting the claim to the jury on the alternative theories of breach of contract and quantum meruit rather than requiring appellee to elect her remedy.

Although the jury did not specify the theory of recovery on which its verdict was based, we find ample evidence to authorize a verdict on the express contract theory. We find no merit in appellant's argument that appellee was entitled to receive commissions only for policies she serviced throughout the policy period, as the evidence supported a finding that the commissions were based on sales alone. Appellant's argument that appellee did not prove the amount of net sales on which she was entitled to receive a commission is similarly without merit, as appellant presented no evidence that it should be credited with any chargebacks for cancelled policies even though the trial occurred almost a year after appellee's termination.

Further, there was no error in submission of both the contract and quantum meruit counts to the jury, as appellee was not required

to elect between the two theories prior to the jury's verdict. *Hardin v. Hunter*, 174 Ga. App. 756, 757 (3) (331 SE2d 83) (1985). Although election of remedies should occur before judgment is rendered, see id., we find no reversible error in the failure to make such an election here because there was no risk of double recovery, compare *UIV Corp. v. Oswald*, 139 Ga. App. 697, 700 (229 SE2d 512) (1976), and appellant waived this issue by failing to object below. See generally *DuBois v. Ray*, 177 Ga. App. 349, 353 (5) (339 SE2d 605) (1985).

2. Appellant contends the trial court's charge on interest awardable for breach of contract impermissibly allowed the jury to award interest on a quantum meruit recovery, and that the verdict form improperly combined interest and principal.

We do not agree. The instruction on prejudgment interest was given as part of the court's charge regarding breach of contract and the damages recoverable therefor, and the trial judge did not state or suggest that interest could be awarded on a quantum meruit theory of recovery. Read as a whole the charge was "sufficiently clear to be understood by jurors of ordinary capacity and understanding [cit.]" *Allison v. Keller Indus.*, 186 Ga. App. 175, 176 (1) (367 SE2d 70) (1988), and thus we find no reversible error. See generally id. Any error in the manner in which the case was submitted to the jury was waived by appellant's failure to object with the requisite specificity or submit an alternative verdict form at the court's invitation. *Brannan Auto Parts v. Raymark Indus.*, 183 Ga. App. 82, 83-84 (1) (357 SE2d 807) (1987). Moreover, the fact that the jury rendered a verdict for the exact amount remaining in appellee's account indicates no interest was awarded.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 27, 1989 —
REHEARING DENIED MAY 17, 1989 —

*Glenville Haldi*, for appellant.
*Bassett, Gerry, Friend & Koenig, Rhonda L. Klein, William D. Friend*, for appellee.