A89A1242. APAC-GEORGIA, INC. v. PADGETT.
(388 SE2d 900)

BEASLEY, Judge.

APAC appeals the judgment against it resulting from Padgett's accident at one of APAC's construction sites.

APAC had a contract with the Department of Transportation for widening and paving a portion of highway. The work required that one of the two lanes be closed at times. Padgett was driving a tractor trailer fully loaded with logs when he came over the crest of a hill going forty miles per hour. He was unable to stop when he saw the line of cars stopped for the construction. He steered his rig to the ditch and jumped, severely injuring his leg

He sued APAC, contending that its employees had negligently controlled the traffic, allowing it to back up beyond the site warning signs and to the crest of the hill where it was invisible to traffic topping the hill.

APAC answered, claiming it was not negligent and the accident was caused by plaintiff's negligence.

On the morning of trial, APAC filed a Motion in Limine asserting that Padgett would attempt "to introduce evidence, make reference to, or to otherwise leave the jury with the impression that *following* the accident, the Defendant placed *additional* warning signs at a location further distant from the construction site, and/or performed *additional* safety measures." The court, after hearing argument, sus-

tained the Motion in Limine "until it [the evidence of corrective measures] comes within the exception carved out in [*Brooks v. Cellin Manufacturing Co.*, 251 Ga. 395 (306 SE2d 657) (1983)]."

1. The first and second enumerations allege error in the court's later allowing evidence of additional signs placed before the crest of the hill and denial of two motions for mistrial by APAC as a result.

A development of the evidence is necessary for evaluation of this issue.

Padgett called Mrs. Brown, who said there was no sign before or at the crest of the hill. Mrs. Brown's car was stopped in the waiting line and was struck by a log falling off the truck. She testified that there was no flagman at the crest of the hill when she came over it. She was then asked if she saw one before she left the accident site, and she said:

"When we left, there was a flag person up there.

"Q. One had been put up there?

"A. Yes."

No objection was made by APAC.

Padgett then called for cross-examination two APAC employees, branch manager Holly and Thompson, the paving supervisor and safety officer for this job. Both testified about the contractual requirement that APAC provide traffic control on the job and the incorporation by reference into the contract of the Manual on Uniform Traffic Control Devices. The contract also contained a "traffic control plan" which, along with the Manual, were the minimum requirements for traffic control, said Thompson and Holly.

Immediately after the questions regarding the Manual, Thompson was asked:

"Q. You could have put more than the minimum number of signs out if a situation called for it, couldn't you?

"A. Yeah.

"Q. Have you ever done that?

"A. No sir.

"Q. Have you since?

"A. Afterwards, yes."

APAC moved for mistrial, on the basis that Padgett had violated the court's ruling on the Motion in Limine. The court excused the jury, had the court reporter read back the last couple of questions and answers, and denied a mistrial, stating that while counsel was "skating on very thin ice," the question was ambiguous and did not necessarily refer to placing additional signs on this job after this accident, but to whether APAC had used more signs than the manual required on other jobs thereafter. The court inquired whether APAC wanted the jury given any instructions, which APAC declined.

"OCGA § [15-1-3] provides every court with the power to control

the activities and processes in its cases. Trial courts are invested with wide discretion in the management of the business before them, and this discretion will not be interfered with on appeal unless manifestly abused. [Cit.] The trial court also has broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate court unless it appears there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right of fair trial. [Cit.]" *Southern R. Co. v. Lawson,* 256 Ga. 798, 802 (5) (353 SE2d 491) (1987).

Since evidence of post-accident remedial measures was already before the jury through Mrs. Brown's testimony, to which no objection was made, the denial of the mistrial was not a manifest abuse of discretion. Even if denial were error, it would be harmless in light of our holding on the admission of evidence set out below.

Padgett then called Powell, the Department of Transportation engineer for the project, who also said the contract traffic plan and the Manual were the minimum requirements, and that if additional signing were necessary for safety on the job, the contractor was obligated to supply it.

On cross-examination by APAC, Powell was asked if he inspected the traffic control devices each morning, including the morning of the accident. He answered that he tried to do so each morning but that he did not recall doing so before the accident; rather, "after the accident in question I did look at the signing of the job at that time." He was repeatedly asked by APAC about the sign which he found after the accident at the crest of the hill.

Finally, APAC asked: "Based on your experience and your position with the Department of Transportation at that job site, you were satisfied as to the placement of the warning signs for that job, weren't you?" Powell answered affirmatively, at which point Padgett requested a bench conference and argued that APAC had, by this series of questions, opened the door to the remedial measures. The court agreed, citing *Brooks,* supra. After the court announced its ruling, no objection was voiced by APAC. Powell was asked if he took any measures regarding the signs after this accident. He said he called his supervisor at DOT and, after inquiring whether additional signs should be added, instructed APAC to put up two new signs and what to put on them.

APAC again moved for mistrial which was denied by the court, based on *Brooks.*

*Brooks* involved a suit for loss of personal property destroyed in an apartment fire. The Brookses' theory was that the fire had occurred because of insulation which had been improperly installed over recessed lighting. The insulation was installed in their building on June 2 and their apartment burned on June 4. Several other buildings

in the complex had been similarly insulated but none of these had burned. After the Brookses' fire, the other buildings in their complex were inspected and alterations made in the insulation.

During trial, the owner's counsel questioned the former employee who had installed the insulation about insulation in other complexes and whether any of the other complexes had had fires. The employee answered negatively.

Assuming that the witness' answer encompassed all complexes, the Brookses attempted to introduce evidence of the repairs in order to rebut the inference that, as of the time of trial, no other apartments had burned even though the insulation was improperly installed. The trial court would not allow the evidence, because evidence of subsequent remedial measures is inadmissible. *Chastain v. Fuqua Indus.*, 156 Ga. App. 719 (3) (275 SE2d 679) (1980).

This holding was reversed. The Supreme Court held that, while the rule generally prohibiting admission of subsequent remedial measures was extant, if the evidence of subsequent remedial measures was introduced for purposes other than showing that the defendant recognized and admitted his negligence, it could be admissible with proper instructions on its purpose, and that the Brookses' situation was such an instance since the door to rebuttal testimony of remedial measures had been opened by the owner's questions.

This case is similar. By creating the impression in Padgett's cross-examination of Powell that the DOT engineer was satisfied with the placement of the signs *after* the accident, he opened the door to prove that, instead, he had it changed. The court expressly charged the jury as to the limited purpose of this evidence, i.e., its bearing on DOT's satisfaction with the sign placement.

Our holding is further strengthened by Padgett's rebuttal witness, who testified that immediately after the accident, while Padgett was still awaiting an ambulance, two men who appeared to be APAC employees arrived. One came over to check on Padgett while the other went up to the sign, then placed *below* the crest of the hill, and moved it to the crest of the hill. Thus, Powell's opinion that the signs were acceptable after the accident was based on the sign's having been moved. While such evidence was not admissible prior to the door having been opened by APAC, it was so afterwards. *Brooks*, supra; *King Cotton v. Powers*, 190 Ga. App. 845, 849 (3) (380 SE2d 481) (1989).

Furthermore, Powell was not an employee of APAC, so *his* judgment that signs should be placed further back and his *directing* APAC to do so could not be taken as an admission of negligence by APAC. It was compelled to take the remedial measure, not because it doubted its fulfillment of duty earlier or in some way admitted negligence but because it was instructed by DOT to do so.

There was no error in the admission of the evidence under these circumstances, nor in the denial of the motions for mistrial based on it.

2. APAC also enumerates the court's allowance of a hypothetical question of an expert because it was based on facts not in evidence, i.e., that there was no sign at the crest of the hill and that traffic had backed up to the crest. OCGA § 24-9-67.

Mrs. Brown and the rebuttal witness both testified to these facts; that the testimony was circumstantial does not affect the viability of the hypothetical. *Stoneridge Properties v. Kuper*, 178 Ga. App. 409, 413 (2) (343 SE2d 424) (1986). Whether there was insufficient knowledge upon which the expert could render his opinion goes not to the admissibility of that opinion, but to the credibility of the witness. *Hardin v. Hunter*, 174 Ga. App. 756 (1) (331 SE2d 83) (1985); *Jones v. Ray*, 159 Ga. App. 734, 736 (4) (285 SE2d 42) (1981).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 28, 1989.

*Clark & Clark, Fred S. Clark, Merryl S. Mandus, Paul Webb, Jr.*, for appellant.

*James O. Wilson, Jr.*, for appellee.