A92A0919. GEORGIA TILE DISTRIBUTORS, INC. v. ZUMPANO ENTERPRISES, INC.

(422 SE2d 906)

COOPER, Judge.

This case, which now makes its second appearance before this court, arose from a transaction in which appellee delivered ceramic tile to appellant. When appellant accepted the tile but refused to pay for it, appellee brought an action against appellant in two counts: one based on contract and one based on unjust enrichment. After a bench trial, the court entered an order ruling for appellant on the contract claim without addressing the unjust enrichment claim. Appellee appealed, and this court vacated the judgment because it failed to address the unjust enrichment claim and contained insufficient findings of fact to support the ruling on the contract claim. See *Zumpano Enterprises v. Ga. Tile Distrib.*, 200 Ga. App. 563 (408 SE2d 813) (1991). On remand, the trial court again ruled for appellant on the contract claim but ruled for appellee on the unjust enrichment claim, including in its order appropriate findings of fact and conclusions of law with respect to both claims. On the unjust enrichment claim, the trial court awarded appellee $9,151.54 as the reasonable value of the tile delivered, with interest on the judgment to run from June 29, 1990, the date of the trial court's original ruling. Appellant contends the trial court erred in ruling that appellee was entitled to an unjust enrichment recovery and in awarding interest running from a date prior to the trial court's judgment on the unjust enrichment count.

Appellant and appellee are competitors in the ceramic tile distribution business. Prior to late 1987 or early 1988, appellant was a distributor of tiles manufactured by Windsor Ceramic Tile ("Windsor") and ordered tile from Windsor directly. Around that time, however, appellee and Windsor entered into a master distributorship agreement giving appellee the exclusive right to fill orders for Windsor's tile in the region. In December 1987, appellant submitted an order for ceramic tile directly to Windsor, and in January 1988, Windsor passed the order along to appellee as its master distributor for the area. Appellee then called appellant to arrange for delivery of the tile. Whether this conversation between agents of appellant and appellee created a contract was disputed at trial, and the trial court concluded that it did not. Windsor shipped appellant's tile to appellee in mid-

January 1988, in a truckload along with other tile that appellee had ordered, and billed appellee rather than appellant the $9,151.54 owed for the tile appellant ordered. Appellee paid this amount to Windsor and billed appellant $10,628.89. Even though appellant knew of appellee's master distributorship agreement with Windsor, appellant says it was not aware it would be billed by appellee rather than Windsor until it actually received the bill. By that time most of the delivered tile had been sold, and by the time of trial all had been sold.

1. Appellant contends that, because the trial court found appellant's version of the pre-delivery conversation between agents of the parties more persuasive than appellee's version and held that "[b]ased upon its review of the testimony, this Court resolves all credibility issues in favor of the [appellant] as to Count One," the trial court erred in concluding that appellee could recover under an unjust enrichment theory. In the absence of a contractual agreement, appellant argues, appellee (1) must have known it would not be compensated by appellant when the goods were delivered to appellant and appellee paid Windsor, so the general presumption of an implied promise to pay was rebutted and appellant was a mere volunteer not entitled to compensation; or (2) acted in bad faith in delivering the tile and billing appellant, thereby engaging in conduct incompatible with seeking an unjust enrichment recovery. An agreement is not needed for an unjust enrichment recovery, however. "The theory of unjust enrichment applies when as a matter of fact there is no legal contract . . . , but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for. [Cits.]" *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777, 782 (2) (300 SE2d 180) (1983). "Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." OCGA § 9-2-7. Here, the trial court found — and it is undisputed or amply supported in the record — that appellant received the shipment of ceramic tile, accepted it, and received benefit from it by selling it but has not paid for it. The trial court made no findings regarding appellee's knowledge or state of mind and could not have done so based on appellant's evidence at trial. Moreover, appellant's asserted conclusions regarding appellee's knowledge or state of mind do not logically flow from the findings that the trial court did make. Rather, we find that when the trial court resolved all credibility issues in favor of appellant "as to Count One," it simply resolved in favor of appellant the credibility disputes relevant to a determination of whether a contract agreement existed. The court concluded there could be no contract-based recovery. However, there is no inherent inconsistency in concluding that no contractual agreement was

reached but one party has benefited at the expense of another who must in fairness be compensated. Accordingly, the trial court did not err in concluding that a recovery for appellee based on an unjust enrichment theory was appropriate.

Appellant also argues that benefits must be "knowingly" accepted before those benefits can provide the basis for unjust enrichment. See, e.g., *Ginsberg v. Termotto*, 175 Ga. App. 265 (1) (333 SE2d 120) (1985). Thus, appellant argues, unjust enrichment cannot apply here because appellant accepted the goods and benefited from them without knowing that appellee was the benefactor. The cases appellant cites for this proposition hold that there can be no unjust enrichment recovery where the party from whom recovery is sought does not know that any benefit is being conferred; however, they do not hold that there can be no such recovery if the recipient knows a benefit is being conferred but does not know *who* is conferring it. Here, appellant knew it had received the tile, accepted it, sold it, and has paid no one for it. Its reliance on this line of cases is therefore misplaced.

2. In its second enumeration of error, appellant challenges the trial court's decision that interest on the unjust enrichment award should run from June 29, 1990, the date of the trial court's first ruling in this case, rather than from November 4, 1991, the date on which the trial court ruled appellant had been unjustly enriched and established the reasonable value of the delivered goods. An action seeking an unjust enrichment recovery for the value of goods delivered is an action for unliquidated damages. See *Noble v. Hunt*, 95 Ga. App. 804 (6) (99 SE2d 345) (1957). Furthermore, " '[u]nliquidated amounts bear no interest until after agreement or judgment fixing the principal amount as liquidated.' [Cit.]" *Corr v. Aaron Rents*, 136 Ga. App. 643, 644 (222 SE2d 150) (1975). We therefore agree with appellant that the trial court erred in providing that interest would run on the unjust enrichment award before the judgment establishing the amount of that award.

Appellee suggests that, rather than awarding pre-judgment interest on an unliquidated claim, the trial court's second judgment was actually amending the original judgment nunc pro tunc, so that conceptually the two judgments are one and the same, effective as of the earlier date. Totally apart from the fact that the original judgment was previously vacated on appeal, however, this court has held that a court's power to amend nunc pro tunc is the power to correct inadvertent errors or omissions in the record to reflect the truth of what happened; it "does not include the power to supply judicial omissions so as to include what a court might or should have decided, but did not actually so decide." *Allen v. Community Loan & Invest. Corp.*, 78 Ga. App. 611, 612-613 (51 SE2d 872) (1949). " 'The power to amend nunc

pro tunc is not revisory in its nature, and is not intended to correct judicial errors.' . . . [Cit.]" *Carswell v. Shannon*, 209 Ga. 596, 599 (2) (74 SE2d 850) (1953). Thus, we cannot avoid the conclusion that awarding interest on the unjust enrichment judgment prior to the date of that judgment was error.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 15, 1992.

*Joel E. Dodson*, for appellant.
*Neil A. Moskowitz*, for appellee.