A94A2559. OWENS v. LANDSCAPE PERFECTIONS, INC.
(451 SE2d 495)

BLACKBURN, Judge.

This is an appeal from the trial court's judgment entered in favor of appellee Landscape Perfections, Inc. (Landscape) following a bench trial.

Morgan Adams, President of Landscape, met Steve and Jean Owens in 1987 or 1988 and performed approximately $15,000 in landscaping work at their previous residence. In 1989, Steve Owens contacted Adams for landscaping services in preparation for the construction of their new home. Initially, Adams met with the Owenses and flagged trees which were to remain on the lot after the home's construction. While the house was under construction, Adams met with Steve Owens at the home and took measurements in preparation for a landscaping plan. Adams subsequently prepared and presented a landscape plan along with a written proposal to Steve Owens. The written proposal included the total cost for the services. Neither Steve nor Jean Owens signed or returned the proposal to Adams.

However, Steve Owens did agree with the price contained in the proposal, and informed Adams to proceed with the landscaping project. In Adams' affidavit, which was admitted into evidence without objection, he opined that $19,241 was the reasonable value of the landscaping services. This evidence was not controverted.

The project was completed at the end of October 1989. Neither Steve nor Jean Owens complained about the landscaping work upon completion. Based upon the Owenses' failure to pay for the landscaping services rendered in spite of several letters of demand sent to Steve Owens, Landscape commenced the instant complaint in quantum meruit. The Owenses admitted in their answer that Landscape and Steve Owens agreed on certain landscaping work for which defendant Steve Owens would pay Landscape $19,241, and that Landscape performed all work as agreed. However, Steve Owens subsequently filed a Chapter 7 petition for bankruptcy, and thereafter, in accordance with 11 USC § 362, the claims against him were stayed. The case proceeded to trial solely against Jean Owens.

1. " 'Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof.' OCGA § 9-2-7." *Ga. Tile Distrib. v. Zumpano Enterprises*, 205 Ga. App. 487, 488 (1) (422 SE2d 906) (1992). In the present case, Owens and her husband accepted nearly $20,000 in landscaping services without complaint and have received the benefit of those services. Consequently, the trial court did not err in concluding that a recovery in favor of Landscape based upon quantum meruit was appropriate. Id. Therefore, the trial court did not err in failing to grant Owens' motion to dismiss or in entering judgment in favor of Landscape.

Relying on *Venture Constr. Co. v. Great American Mtg. Investors*, 134 Ga. App. 440 (214 SE2d 683) (1975), Owens maintains that Landscape is not entitled to recover against her because Adams had an express oral agreement with her husband. In *Venture Constr. Co.* at 444, this court held that "[t]here cannot be an express and implied contract for the same thing existing at the same time between the same parties." (Punctuation omitted.) In the present case, however, there was no express oral agreement between Owens and Landscape for the services rendered. Under such circumstances, "when the parties themselves do not expressly agree . . . the law interposes and raises a promise. . . ." (Citation and punctuation omitted.) Id. Moreover, the express oral agreement between Steve Owens and Landscape did not establish the definite terms upon which the corporation would be paid. As this court recognized in *Hardin v. Hunter*, 174 Ga. App. 756, 757 (331 SE2d 83) (1985), distinguishing *Venture Constr. Co.*, supra, the mere existence of an express oral agreement does not ipso facto create an express contract.

2. We have reviewed Owens' remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 29, 1994 —
RECONSIDERATION DENIED DECEMBER 14, 1994 —

*Gershon, Olim, Katz & Loeb, Jay E. Loeb,* for appellant.
*Robert A. Wilkinson,* for appellee.