## GUILL vs. GUILL.

An action for the recovery of one-half of the money expended in purchasing material to build a house in the joint occupancy of two persons, should be brought as soon as the money is expended, and if not brought within four years thereafter, is barred by the statute of limitations. The money is due when expended and not when the joint occupancy of the house ceases—no matter at whose instance or by whose fault such joint use terminated.

Actions. Statute of limitations. Before Judge BART-LETT. Greene Superior Court. September Term, 1877.

Reported in the opinion.

E. C. KINNEBREW, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

The two Guills were brothers occupying the same house. They had a quarrel, and the one brother by his conduct constrained the other brother to leave. The brother when he left, sued the other for half the money he had expended upon the house six or seven years before, and not for dispossessing him of the joint occupancy.

The statute of limitations was pleaded in bar; the court sustained the plea, and the only question the record makes is, was the plea good?

We think it was. The money was spent years before the suit—more than four years—and whatever account one brother had against the other about that money, was due and suable when it was spent for the use of the other, at his instance and request. Being due then, it was barred when the suit was brought.

If the complaining brother had sued the other for a wrongful eviction, or a tort of any sort, in turning him out of possession, then the action for such tort would not have been barred, for the tortious act had occurred just before the suit was brought; but as the suit was for money due from one brother to the other for over four years, it was barred.

Judgment affirmed.