PRYOR *vs.* WEST,. administrator.

1. A suit was brought on a contract; the proof failed to establish the contract sued on, or any other contract on which a recovery could be had; neither was there enough either in the pleadings or evidence to form a basis for a recovery on a *quantum meruit* or *quantum valebat*.

2. As to the claim for supporting and maintaining the child of the decedent, which accrued during his lifetime, it is barred by the statute

of limitations. So far as the claim was for services, support, etc., since his death, his estate was not liable therefor, but it was a charge against that part of the estate which would be coming to the child; his guardian, not the administrator, was the proper party against whom to make such demands.

October, 2, 1883.

Actions. Contracts. New Trial. Before Judge FORT. Sumter Superior Court. April Term, 1883.

Reported in the decision.

J. W. BRADY ; GUERRY & SONS, for plaintiff in error.

B. P. HOLLS, for defendant.

HALL, Justice.

This was an action to recover from the defen ant, as administrator of James P. West, deceased, the value of services rendered by the plaintiff for nursing, rearing, boarding, clothing and educating intestate's infant child, James P. West. This child was taken charge of by the plaintiff's family, when between two and three years old, and remained with them thirteen and a half years. One hundred dollars per annum was charged for these services and supplies for the first three years he was with them; after that, seventy-five dollars per annum was charged for the remaining years he was with them. These services, etc., were rendered in pursuance of an alleged contract with defendant's intestate to take said child and rear, maintain, clothe, nurse and educate him, "until he should arrive at an age of responsibility," for which intestate promised to pay plaintiff. The intestate died in 1874, when this child was about seven years old. He was a man of means; indeed, it is alleged in plaintiff's declaration that his estate was worth $26,000. The suit was commenced on the 6th day of September, 1881, seven years after the death of the intestate. The defence set up was the general issue and the statute of limitations.

The only witness offered for that purpose failed to establish the contract sued on, or any other contract upon which a suit could be maintained. The testimony of this witness went no further than this : "that the intestate gave the child to plaintiff's wife and himself to raise; he said he expected to pay for it ; did not say what amount he expected to pay ; the understanding, as gathered from his conversation with witness, was, that he was to pay plaintiff's wife for raising the child; he said he was willing to give her his house and lot in Americus."

There was no bill of particulars attached to the declaration, and·not a single item of the supplies furnished, or the value thereof, was given. Most of these services were rendered and supplies furnished since the death of plaintiff's intestate. The defendant's liability to pay this demand was placed upon the fact that he acquiesced in the child's remaining with plaintiff's family and being supported by them, after the death of its father. Nothing is said about any knowledge he had of the terms or conditions upon which the child was placed or remained there. During all the years of his administration, no demand, nor even a request, was made for compensation. When the plaintiff closed his case, a motion was made to non-suit it, and this motion was sustained by the court, and the case dismissed.

This judgment is manifestly correct, for two reasons :

1st. Because there was no evidence upon which a recovery by the plaintiff could have been sustained. There was certainly no proof to establish the contract sued on, and there was just as little foundation for a *quantum meruit* or *quantum valebat* recovery.

2d. If plaintiff ever had any cause of action, it was barred by the statute of limitations. As to the alleged indebtedness that accrued in the life of defendant's intestate, that was certainly barred.

As to what was claimed for services, support, etc., subsequently rendered and furnished, the defendant's estate was not liable ; the portion coming to the child was chargeable

with it, and his guardian, and not the administrator of the deceased, was the party to look to for payment. If the administrator had settled this demand, that would not have relieved him from liability to account to the guardian for the amount.

Judgment affirmed