## 31030. EVANS et al. v. EVANS et al.

HILL, Justice.

A jury trial was held to determine the extent to which Ralph Evans was entitled to recover from his father's estate for services to and expenses incurred on behalf of his widowed mother, and the extent to which the estate was entitled to recover from Ralph Evans for rent for a farm for the period from the death of his mother until the date of the trial. The jury awarded Ralph Evans $31,000

and awarded the estate $2,600. Beneficiaries of the remainder of the estate appeal from the judgment of the court based on the verdict.

Paul J. Evans died testate in 1955. For purposes of this case the pertinent portions of his will were as follows: His wife Ottie was given all his stocks, bonds, notes and cash except his Georgia Milk Producers' Confederation stock in which she was given a life estate. She was also given a life interest in his 175 acre farm; his four children, Ralph, John, Warren and Miriam, were to take as remaindermen the interest in the farm at the death of his wife. "In the division of the lands or in the division of the proceeds from the sale of said lands, my son Ralph Evans is to be given two thousand ($2,000) Dollars in addition to the one-fourth interest which he and my other three children will receive from the sale of said farm. . . I request that my land remain intact as a farm if possible; this is not mandatory, but is only a wish." In addition to the $2,000, Ralph was left all his father's interest in the farm machinery, dairy equipment, and livestock, and the remainder interest in the Georgia Milk Producers' Confederation stock. The sons Ralph and John were appointed executors and were excused from making any returns to the ordinary. The final paragraph of the will stated: "My said executors are to look after, care for and see that my said wife, Ottie Brewer Johnson Evans, is well cared for during her lifetime, and in the event the above bequests and income are insufficient for her maintenance and support, I authorize and empower my executors to use such portions of the remainder of my property as may be necessary for the proper care of my said wife."

At the time of Paul Evans' death in 1955, his wife was confined to a wheel chair and his sons Ralph and John, as well as Ralph's wife and child, were living with Paul and Ottie Evans on the farm. Soon after the father's death John moved away. Ralph and his family continued to live with his mother and Ralph operated a dairy on the farm. In 1971 his mother moved to a nursing home and in 1973 she died.

In 1975 Warren and Miriam Evans brought an action against Ralph and John for an accounting, for the partitioning of the farm, to enjoin the cutting of timber on

the farm, for damages as a result of the cutting of timber, and for the profits and rent due on the farm since the death of the life tenant, their mother. Ralph counterclaimed for services rendered to his mother, expenses he incurred on behalf of his mother, and monies he spent to increase or preserve the value of the estate. Prior to trial the parties stipulated that the issues of partition and the executor's commission are not in issue in this case.

At trial, Ralph testified that he spent $1,500 to install a bathroom in 1955, $292 for labor and materials to paint the house in 1955, $550 for labor and materials to paint the outside of the house in 1963, $450 to roof the house in 1957, $400 for labor and materials to roof the house a second time in 1963, $1,553 to remodel the kitchen in 1965, $500 for a pump house in 1967, $600 to build and maintain fences, $1,000 to rebuild a sleeping barn for the cows in 1961, $3,124.30 for property taxes on the farm, $5,447.57 for the electricity for the house, $18,600 ($20 a week for eighteen years) for a maid two days a week, and $18,000 ($1,000 a year for eighteen years) for food for his mother. The plaintiffs objected to testimony as to expenses incurred prior to four years preceding the filing of the counterclaim on the ground that recovery of such expenses was barred by the statute of limitation.

Ralph stated that his mother had an income of approximately $186 a month from several government sources and that the $5,000 or $6,000 which was in her husband's bank account at the time of his death was never used. He also testified that he paid his mother no rent for the use of the farm or the house for the eighteen years while he and his family lived there and operated the dairy farm while she was the life tenant.

The jury awarded Ralph $31,000 as reimbursement and awarded the estate $2,600 as rent from Ralph for the farm from 1973 until 1975. Warren and Miriam appeal.

The plaintiffs enumerate as error the overruling of their objections to Ralph Evans' testimony as to expenses incurred prior to four years preceding the filing of the counterclaim, the court's refusal to give their requests to charge the jury that Ralph Evans' recovery would be limited to those expenses for improvements to real estate

and for his mother incurred within four years of the institution of the suit for such recovery, and the overruling of the general grounds of their motion for new trial.

It is necessary at the outset to identify the claim asserted by Ralph Evans. Ralph sought reimbursement from his father's estate (represented in this case by the plaintiffs) for services to and expenses incurred on behalf of his mother, the life tenant, and expenses incurred in preserving and increasing the value of the remainder interest. By stipulation his right to executor's commissions is not involved in this case and he does not make any claim against his mother's estate.

Although the defendant testified that he felt he had an obligation to support his mother because he promised his father that he would look after and care for her as provided in his father's will, the defendant did not contend that he had a contract with his father apart from the will; i.e., the defendant did not assert a contract with his father (or his brothers and sister) to care for his mother. The law imposes no duty upon a deceased husband's estate or his executors to provide for his widow, absent a contract or provision in the will (*Pryor v. West,* 72 Ga. 140 (2) (1883)), and there was no contract here.

Thus, defendant bases his right of recovery upon his father's will. That was the basis on which the case was tried and on which the jury was instructed. However, the defendant asserts a personal right of recovery from his father's estate. He seeks to recover expenses he personally incurred and he seeks to have such recovery paid by the estate to himself, not to be paid to him as executor of his father's estate for distribution as a part of that estate.

The defendant relies on the language in the will that "I [the father] authorize and empower my executors to use such portions of the remainder of my property as may be necessary for the proper care of my wife." The will does not authorize Ralph as an individual to recover for services to or expenses of his mother. Likewise, there is no language in the will under which Ralph as an individual is entitled to recover from the estate for expenses incurred in preserving or increasing the value of the estate. Ralph contends that he paid his mother's expenses so that he and

John as executors would not have to use part of the remainder of his father's estate as authorized by the will, and thus the farm was preserved as a whole. However, the will specifically states that it was only the father's wish, not a requirement, that the land remain intact as a farm.

On the other hand the will authorizes the executors to use portions of the remainder of the estate for the care of the life tenant if the bequests under the will are insufficient for her maintenance and support. In fact this is not what the executors did. Instead Ralph, in his individual capacity, paid certain expenses for his mother. Treating these payments as loans from Ralph as an individual, he seeks reimbursement from the estate. Since the basic transactions which would allow recovery in this case, assuming the proof of the inadequacy of the bequests to the mother, are loans not evidenced by writing binding the estate, the four year statute of limitation would apply. *Mallin v. Spickard,* 103 Ga. App. 562 (120 SE2d 128) (1911); Code Ann. § 3-706.

At trial evidence was admitted, over objection, of expenses paid for the mother more than four years prior to the filing of the claim. The trial court also refused to instruct the jury, upon request, as to the four year statute of limitation. These errors require reversal of the judgment.

On retrial, Ralph Evans in his personal capacity may also claim against the estate for enhancing the value of the estate to prevent unjust enrichment. Restatement of the Law of Restitution, § 1 Unjust Enrichment. Again the four year statute of limitation would be applicable. *Guill v. Guill,* 60 Ga. 446 (1877). We do not find that he has a good claim for unjust enrichment but merely state that it is the only action possibly available to him in this case, in addition to the suit to recover the loans for expenses paid for the life tenant.

The defendant thus is limited here to claiming reimbursement "under the will" but in his individual capacity for expenses incurred on behalf of his mother during the preceding four years, and claiming reimbursement under the law in his individual capacity for expenses incurred during the preceding four years in increasing the value of the estate under the principle of

unjust enrichment.

In support of their enumeration assigning error on the overruling of the general grounds of their motion for new trial, plaintiffs urge that the verdict of $31,000 is without evidence to support it in that the defendant claimed reimbursement for electricity at the residence used by his mother and his family without proration, and for a sleeping barn and fences not used by his mother but for his use in operating the dairy. They urge that the verdict exceeds the recoverable expenses. Although improvements of the farm as a dairy may be recoverable as having increased the value of the estate, household expenses such as electricity would not be recoverable in full "under the will" as expenses for the "maintenance and support" of the mother.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 16, 1976 — DECIDED SEPTEMBER 7, 1976 —
REHEARING DENIED SEPTEMBER 17, 1976.

*Clarke, Haygood & Lynch, Harold G. Clarke,* for appellants.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellees.