## S95A1000. ENGRAM v. ENGRAM et al.

(463 SE2d 12)

THOMPSON, Justice.

This case is before this Court from the grant of summary judgment to the defendants on plaintiff's claims for specific performance of an alleged oral option agreement to purchase real property, and, alternatively, for unjust enrichment.

Barbara and Sam Engram were divorced in 1974. In October 1981, Barbara and the minor children of the parties moved into a house owned jointly by Sam and his new wife Ann. Barbara and Sam verbally agreed that she would pay rent to Sam of $385 per month. Barbara asserts that during the month she moved in, Sam told her that if in the future she wanted to purchase the house, her rent payments would be applied toward the purchase price. Barbara concedes "that was all that was said" concerning an alleged oral option to purchase, and that Ann was not a party to that conversation. Sam denies that any such discussion took place. Both children averred that at the time they moved into the residence, they heard their father tell their mother about such an option to purchase.

In 1984 Barbara told Sam that her elderly grandparents had moved into the house with her. She asked that Sam allow her to construct an additional bedroom, using funds from her grandfather. Barbara admits that she told Sam, "it won't cost you a dime, . . . my grand[parents] will be building the room." He reluctantly agreed and told her she was foolish to invest money in a house that did not belong to her. Barbara's testimony shows that approximately $12,000 was expended on this project. Sam claims that because the construction was shoddy, he was required to pay for repairs and maintenance of the addition.

In 1992, Barbara became delinquent in paying rent. Sam asked her to move out in July 1993, when the past-due rent amounted to $2,930. In response, Barbara's attorney notified Sam of her intention to exercise an oral option to purchase. Sam claims that this was the first assertion of the purported verbal option arrangement.

Sam and Ann subsequently filed a dispossessory claim in magistrate's court. In the same month, Barbara filed the present action against Sam and Ann for specific performance of the oral agreement, and, in the alternative, damages for the unjust enrichment which would result from the loss of the improvements she made to the prop-

erty if the court did not order specific performance.[1] By way of counterclaim, Sam and Ann sought to remove Barbara from the premises and to collect past-due rent.

The court allowed Barbara to remain in the house during the litigation if she paid rent on time and deposited half of the rent arrearage with the court. She made that deposit and remained in possession but failed to make timely rent payments. The court then granted a writ of possession and distributed the deposit to the defendants. Barbara moved from the house. Summary judgment was awarded to the defendants as to the remaining counts.

1. Appellant contends that summary judgment was improperly granted with respect to her claim for specific performance because a material issue of fact remains as to the existence and enforceability of an oral option contract.

Every essential element of a contract for the sale of land must be in writing to satisfy the statute of frauds. OCGA § 13-5-30 (4). An equitable exception to the statute of frauds is contained in OCGA § 23-2-131 (b), which provides for specific performance of a parol contract for the sale of realty where there has been "partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved . . . to have been done with reference to the parol contract."

A party claiming specific performance of an alleged option agreement under OCGA § 23-2-131 (b), is required to "show that his possession is in reliance on the oral option to purchase." *Grist v. Foster*, 246 Ga. 565, 566 (272 SE2d 297) (1980).

> [W]here a tenant takes possession under a contract for rent, he may not assert that possession was taken in reliance on seller's promise to convey the property. Here . . . [the tenant] is asserting additional rights as a result of certain previous oral promises. Since he is admittedly in possession under the lease, he cannot now claim that this possession takes on additional legal significance adverse to the interest of his lessor because of an alleged oral promise.

Id.

At best, the evidence showed that Barbara took occupancy of the house pursuant to an oral lease and that an option was given on the day she moved in. Given these facts, possession was not shown to have been in reliance on the purported option to purchase.[2]

---

[1] Initially, the complaint also sought a modification of alimony, but that count was later dismissed.

[2] Compare *Smith v. Cox*, 247 Ga. 563 (277 SE2d 512) (1981), in which a written lease

The principle of possession coupled with improvements is likewise inapplicable.

[I]t must be shown that the possession and improvement arose "by virtue of and in the faith of the oral contract or promise, so as to take the case out of the statute of frauds and constitute the equivalent of a writing by showing acts unequivocally referring to the alleged contract or promise." [Cit.]

*Grist,* supra at 566.

As a matter of law, appellant has failed to demonstrate such part performance as would take the parol contract outside the statute of frauds and mandate specific performance.

2. Appellant submits that the trial court erred in determining that her alternative claim for unjust enrichment was barred by a four-year period of limitation. In reliance on *Evans v. Evans,* 237 Ga. 549 (228 SE2d 857) (1976), the court concluded that the claim for reimbursement ripened at the time that the improvements were made. While *Evans,* supra, acknowledges in dicta that a four-year period of limitation applies to a claim for unjust enrichment, it does not suggest that the claim accrues in all circumstances when the improvements are made. *Evans,* supra, cites *Guill v. Guill,* 60 Ga. 446 (1878), which holds that in the circumstances of that case, the statute of limitation began to run when improvements to the property were made. *Guill* involved a suit by one brother over money spent at the "insistence and request" of a second brother to improve a home they shared. Because the one brother was just advancing funds for the other, the court concluded that the money became "due and suable when it was spent." Id. at 447. We construe *Guill* to mean that the four-year period of limitation in an action for unjust enrichment, based on improvements to real property, begins to run upon the accrual of a right of action. Cf. OCGA § 9-3-26. As this Court has held, the date of accrual is the " 'time when the plaintiff could first have maintained his action to a successful result.' [Cit.]" *Hoffman v. Ins. Co. of N. America,* 241 Ga. 328, 329 (245 SE2d 287) (1978).

Barbara could not have known of the existence of a claim for unjust enrichment based on improvements to the property until 1993, when Sam refused to honor the alleged oral option. We thus accept her claim that any cause of action she may have for unjust enrich-

---

agreement provided that rent was to be applied "on down payment." The writing thus confirmed that the monthly payments were to be applied to the purchase money. Where there was partial payment of the purchase money, accompanied with possession, the contract was removed from the statute of frauds.

ment was not barred by the applicable period of limitation.

Upon examining the merits of the claim, we nevertheless conclude as a matter of law, that there was an absence of evidence to authorize recovery for the improvements under a theory of unjust enrichment.

> " '[U]njust enrichment applies when as a matter of fact there is no legal contract . . . , but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for.' [Cit.]"

*Smith v. McClung*, 215 Ga. App. 786, 789 (3) (452 SE2d 229) (1994). The only evidence offered to establish appellant's claim was her testimony concerning the cost of construction. It was not established that the addition enhanced the value of the property in any manner and thus conferred a benefit on the appellees. See generally *Evans*, supra at 553 (the claim lies "for enhancing the value of the estate to prevent unjust enrichment"). Nor was it shown that appellant equitably ought to be compensated. To the contrary, the undisputed evidence shows that the parties never intended that appellees be responsible for the cost of the bedroom addition.

As movants on summary judgment, appellees have demonstrated an absence of evidence to support an essential element of appellant's claim based on a theory of unjust enrichment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (4) (405 SE2d 474) (1991). The burden then shifted to appellant to point to specific evidence giving rise to a triable issue. Id. She offered no evidence to substantiate her claim that restitution should be made for unjust enrichment.

Appellees were entitled to summary judgment as a matter of law. A judgment that is right for any reason will be affirmed. *Precise v. City of Rossville*, 261 Ga. 210 (403 SE2d 47) (1991).

3. The writ of possession was issued in accordance with the procedures set out in OCGA § 44-7-55.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 1995.

*Bowles & Bowles, Jesse G. Bowles*, for appellant.

*Donaldson, Hall, Martin, Garvey & Bell, George P. Donaldson III, Hodges, Erwin, Hedrick & Coleman, William A. Erwin*, for appellees.