S96A0780. KICKLIGHTER v. WOODWARD et al.
S96X0781. KICKLIGHTER et al. v. KICKLIGHTER.

(476 SE2d 248)

THOMPSON, Justice.

This litigation involves the construction of the last will and testament of Samuel Kicklighter, three codicils thereto, and a trust created under that will. Myrtice Kicklighter is the widow of Samuel Kicklighter, and, along with Lyndill Woodward, is co-executor of his estate. Dennis Kicklighter is the grandson of the testator and the remainderman under the will.

The will and codicils were probated in solemn form in the Probate Court of Tattnall County in April 1980. Under the will, the bulk of the estate, consisting of realty, was devised in trust to trustees Myrtice Kicklighter, the Savannah Bank & Trust Company, and Ceburn Kicklighter, son of the testator. Ceburn predeceased his father, the bank withdrew as trustee, and, since no successors were named, Myrtice Kicklighter remained the sole trustee. Under the terms of the testamentary trust, the trustees were to manage the trust property; pay the net income to Myrtice Kicklighter in monthly installments for the remainder of her life; and encroach upon the corpus if, in the discretion of the trustees, the net income of the residue was insufficient to maintain Myrtice Kicklighter in her "accustomed manner of living."

Following probate, it was determined that the estate owed $103,628.82 in federal and state estate taxes. Because all liquid assets were held in joint tenancy with right of survivorship and were received by Mrs. Kicklighter upon the death of her husband, no cash remained in the estate. Consequently, Mrs. Kicklighter paid the estate taxes in 1980, using her personal funds. She also used her personal assets to pay $7,500 to Lyndill Woodward as a partial executor's commission.

At the time of his death, Samuel Kicklighter owned 604 acres of farm and timberland in Tattnall County, Georgia and this asset was among those to be placed in the trust. In 1993, with consent from the co-executor, Mrs. Kicklighter sold the timber from the 604-acre farm, netting $306,093.97. At that time Mrs. Kicklighter sought reimbursement from the estate for the $111,000 debt she had gratuitously paid on behalf of the estate in 1980. This dispute concerns her entitlement to the funds from the sale of timber.

In 1994, Mrs. Kicklighter filed two petitions in probate court: (1) For a final accounting, repayment to her of the debt of the estate (i.e., monies advanced by her to pay the estate taxes and partial executor's commission), and distribution of the estate; and (2) an order compelling the co-executor to transfer any property in the estate to her as

trustee.[1] She asserted that she was entitled to all the net proceeds from the timber sale, as such constituted "income" to the trust. These petitions were opposed by co-executor Lyndill Woodward and remainderman Dennis Kicklighter. The probate court approved the final accounting, concluding that the net proceeds from the timber sale were income generated by the estate over the last 14 years and should be distributed to Mrs. Kicklighter as the income beneficiary under the will.

Both Lyndill Woodward and Dennis Kicklighter (hereafter "Woodward") appealed to the superior court, and moved for summary judgment. The superior court ruled in their favor as to two of the three grounds asserted, finding as a matter of law that: (1) Mrs. Kicklighter's claim for reimbursement by the estate for payment of estate debts from her personal funds in 1980 was barred by the four-year statute of limitation in OCGA § 9-3-25; and (2) the will classified the timber proceeds as corpus rather than income payable to Mrs. Kicklighter. The only issue remaining to be tried by a jury was whether Mrs. Kicklighter is entitled to encroach upon the corpus of the trust, retroactive to 1980, in order to maintain her in her accustomed manner of living, and if so, in what amount.

By special verdict, a jury determined that Mrs. Kicklighter was entitled to be reimbursed $75,000 from the net proceeds of the timber sales in order to allow her to maintain her accustomed manner of living. The award represented a reimbursement of $5,000 per year for the years 1980 through 1994. She appeals from that judgment. Woodward filed the cross-appeal, challenging that portion of the summary judgment motion which was denied by the trial court.

### Case No. S96A0780

1. The trial court correctly applied the four-year statute of limitation contained in OCGA § 9-3-25, and concluded as a matter of law that Mrs. Kicklighter's claim for repayment of estate taxes and executor's commission was time-barred.

OCGA § 9-3-25 provides: "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues." Mrs. Kicklighter seeks reimbursement from the estate for monies she expended personally to satisfy obligations of the estate. In *Evans v.*

---

[1] Although the timberland and other real property was to be conveyed to the trust, at the time of trial the transfer had not taken place. It was ordered in the final judgment and decree of the trial court that real estate remaining in the estate be transferred by the co-executor to the trustee.

*Evans*, 237 Ga. 549 (228 SE2d 857) (1976), we considered the timeliness of a claim against an estate for reimbursement for services and expenses incurred on behalf of a life tenant and for expenses incurred in preserving the value of the remainder interest. The will authorized the payment of expenses for the care of the life tenant from assets of the estate, but the party seeking reimbursement paid those expenses in his individual capacity and claimed a personal right of recovery against the estate for the monies so expended. He was bound by no written contract nor was he under a legal obligation to incur these expenses personally. The payments were claimed as loans for which reimbursement was sought from the estate. We held: "Since the basic transactions which would allow recovery in this case . . . are loans not evidenced by writing binding the estate, the four year statute of limitation [in OCGA § 9-3-25] would apply." Id. at 553. We limited the right of recovery to those expenses paid within four years of the litigation. *Evans* is dispositive. Because the four-year period of limitation contained in OCGA § 9-3-25 is applicable, the monies advanced by Mrs. Kicklighter in 1980 are not recoverable pursuant to a claim asserted in 1994.

2. Mrs. Kicklighter nevertheless asserts that the right of action did not accrue and the statute of limitation did not begin to run until demand for repayment was made in 1994. "When money is loaned and there is no agreement as to the time of repayment, the amount loaned is in law due immediately, and the statute of limitations begins to run at once in favor of the borrower." *Teasley v. Bradley*, 110 Ga. 497, 504 (3) (35 SE 782) (1900). This is consistent with our recent pronouncement in *Engram v. Engram*, 265 Ga. 804 (463 SE2d 12) (1995) that a cause of action accrues when the plaintiff could have first maintained the action to a successful result. Mrs. Kicklighter had an immediate right of repayment from the estate and could have maintained a successful action in 1980, had she chosen to do so. Accordingly, the four-year period of limitation began to run in 1980 when the loan was made.

3. The trial court correctly ruled as a matter of law that under the terms of the will the proceeds from the timber sale were not income to be paid the income beneficiary, but were corpus to be held for the remainderman.

The cardinal rule in the construction of wills is to seek diligently for the intention of the testator and to give that effect as far as it may be consistent with the rules of law. OCGA § 53-2-91; *Gustafson v. Wesley Foundation*, 266 Ga. 679 (1) (469 SE2d 160) (1996); *Lemmons v. Lawson*, 266 Ga. 571 (1) (468 SE2d 749) (1996). Under the terms of the testamentary trust, the trustees were authorized:

To invest and reinvest the remainder of my estate and to col-

lect and receive the issues, profits and income thereof, and to pay the balance of the net income thereof to my wife, Myrtice Kicklighter, in as nearly equal monthly installments as Trustees may determine, until the death of my wife. If the net income of the residuum is insufficient to provide for my wife, in her accustomed manner of living, then the Trustees are authorized to encroach upon the corpus to such an extent and as often as may be necessary to provide ample funds for such purposes, all within the sole discretion of said Trustees.

Referencing the foregoing provision, the will further provided:

Under [the foregoing] the Trustees have been given the right to encroach upon the corpus of my estate whenever the income of the said estate is insufficient to provide for my wife in her accustomed manner of living; however, when such encroachment requires the cutting of timber and/or pulpwood from the various tracts, then such encroachment shall be applied equally so that each tract of timberland shall be cut in accordance with good forestry practice and that any one tract does not bear any more of the encroachment burden that any other tract.

The testamentary intention is clear. The cutting of timber is specifically designated as encroachment upon the corpus. While the trustee has discretion to invade the corpus, this may take place only if income to the estate is insufficient to adequately provide for Mrs. Kicklighter. As a matter of law, Mrs. Kicklighter was not entitled to the timber proceeds as income. She could only encroach upon those funds in her capacity as trustee, if, in her discretion, income to the estate was insufficient to maintain her in her accustomed manner of living. This was the issue before the jury.

4. Mrs. Kicklighter asserts that the trial court abused its discretion in granting a motion in limine which excluded from trial evidence of the nature of the debt that she paid on behalf of the estate.

After ruling from the bench in Woodward's favor at the summary judgment hearing, the trial court also entertained a motion in limine to exclude from trial evidence relating to the nature of the payments made by Mrs. Kicklighter from her personal funds in 1980, i.e., that she advanced money for payment of estate taxes and partial executor's commission. The court ruled that it would permit evidence that Mrs. Kicklighter expended $111,000 of her personal assets as repayment of a "just debt," because such evidence would establish depletion of her personal estate and would be relevant to her needs in

maintaining her accustomed standard of living. But she would be excluded from identifying the nature of the debt because the court determined that evidence of her considerable gratuitous payment would be unduly prejudicial and would have the potential to mislead and confuse the jury and result in their awarding reimbursement of the debt, which was otherwise barred by the statute of limitation.

The following was established at trial: After the death of Samuel Kicklighter in 1980, and the receipt by Mrs. Kicklighter of their jointly held funds, she had personal assets of $242,000; she paid approximately $111,000 in certain just debts, reducing her annual interest income by half; and she never asked "the estate to replenish that $111,000."

Georgia law favors the admissibility of relevant evidence — evidence is relevant if it tends "to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *McEachern v. McEachern*, 260 Ga. 320, 321 (1) (394 SE2d 92) (1990), citing Agnor's Ga. Evid. (2nd ed.), p. 223, § 10-1. But the trial judge may exercise discretion in excluding relevant evidence upon a determination that its probative value is substantially outweighed by the risk that its admission will create a substantial danger of undue prejudice or of misleading the jury. *Friedman v. Friedman*, 259 Ga. 530 (3) (384 SE2d 641) (1989).

First, the relevancy of the excluded evidence is dubious. The issue before the jury was whether and to what extent Mrs. Kicklighter was entitled to receive the timber proceeds for the years 1980 through 1994 to maintain her in her accustomed manner of living. She was permitted to offer evidence that her personal estate was significantly diminished by payment of the estate debts beginning in 1980, and that she never received reimbursement. Such evidence was properly admitted because it is relevant to establish whether encroachment upon the corpus was required to fulfill the testator's wishes. But evidence of the purpose for the $111,000 expenditure — as estate taxes and executor's commissions — tends to add nothing to "render[ ] the desired inference more probable than it would be without the evidence." *Southern R. Co. v. Lawson*, 256 Ga. 798, 802 (4) (353 SE2d 491) (1987). Even if relevant, the trial court was authorized to conclude that the substantially prejudicial impact of the evidence far outweighed any probative value. Absent a manifest abuse of discretion in excluding the evidence, the court's ruling will not be disturbed on appeal. *Friedman*, supra. We find no such abuse of discretion.

## Case No. S96X0781

5. The sole issue asserted in the cross-appeal is the propriety of the partial denial of Woodward's summary judgment motion. "'After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case.' [Cit.]" *Talmadge v. Talmadge*, 241 Ga. 609 (1) (247 SE2d 61) (1978). Accordingly, the cross-appeal is dismissed as moot.

*Judgment affirmed in Case No. S96A0780; Case No. S96X0781 dismissed as moot. All the Justices concur, except Carley, J., who dissents in Case No. S96A0780.*

DECIDED OCTOBER 7, 1996.

*Dubberly & McGovern, Joseph D. McGovern,* for Myrtice Kicklighter.

*Cheney & Cheney, Curtis V. Cheney, Jr.,* for Dennis Kicklighter and Woodward.