A00A1531. COCHRAN et al. v. OGLETREE.
(536 SE2d 194)

ELDRIDGE, Judge.

Pamela Ogletree sued Billy Cochran and Gregory D. Reed d/b/a Cochran & Reed on two purported construction contracts that were never performed to recover $55,000 deposited on Contract I and $20,000 deposited on Contract II; the defendants answered and countersued for their losses under Contract I. After a bench trial, the trial court found that plaintiff breached Contract I; that the defendants had damages of $18,003.07 resulting from their good faith part performance of Contract I; that the defendants owed plaintiff a refund of $31,996.93 of unearned funds deposited by the plaintiff on Contract I; and that on Contract II neither party was at fault because of the impossibility of performance, but defendants in good faith

incurred $4,700 in expenses and had to refund $15,300 of the deposited funds of $20,000 to the plaintiff. The defendants appealed the judgment contending that plaintiff was not entitled to any refund under Contract I, because the money was paid voluntarily and that the defendants had no duty to prove their damages. We do not agree and affirm the judgment of the trial court.

1. Defendants' first contention is that the trial court erred as a matter of law in requiring any refund on Contract I, because plaintiff voluntarily paid the money. We do not agree.

The trial court found that the defendants owed a refund of $31,996.93 of the deposit of $50,000 paid to them by the plaintiff as unearned and unset-off damages sustained by the defendants under Contract I. The trial court never found that these funds were damages, but were the return of deposited funds of the plaintiff.

The purported written Contract I was void for vagueness, because no final plans and drawings had ever been agreed upon as to what would be built. *Cherokee Falls Investments v. Smith*, 213 Ga. App. 603, 604-605 (1) (445 SE2d 572) (1994); see also *Smith v. Bd. of Commrs. &c. of Hall County*, 244 Ga. 133, 143-144 (5) (259 SE2d 74) (1979). The application of all the rules of contract construction and parol evidence would not provide detailed plans, drawings, and specifications necessary to calculate the cost that plaintiff would owe and defendants were obligated to build; to determine the cost plus compensation that defendants would receive as consideration; and to obtain a building permit that government would permit to be built. Therefore, the purported contract lacked a definite contract subject, i.e., the drawings and design of the day-care center. *Davidson Mineral Properties v. Baird*, 260 Ga. 75, 79 (7) (390 SE2d 33) (1990); *Sheppard v. Sheppard*, 229 Ga. App. 494, 495 (1) (494 SE2d 240) (1997). Thus, the writing was formative in nature only, i.e., a promise to make an agreement. No binding contract ever came into existence, because "[i]t is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject-matter, and in the same sense. [Cits.]" *Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn.*, 250 Ga. 391, 395 (297 SE2d 733) (1982); *Wilkins v. Butler*, 187 Ga. App. 84, 85 (369 SE2d 267) (1988). Thus, this action was miscast and misconstrued by all parties as a breach of contract action, when it was an action for money had and received or unjust enrichment with a counterclaim for quantum meruit.

Here, neither party was bound by an enforceable contract. The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated. See OCGA § 9-2-7; *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 340

(5) (508 SE2d 750) (1998); *Smith v. Huckeba*, 232 Ga. App. 374, 376 (2) (501 SE2d 877) (1998). Therefore, plaintiff was entitled to recover the money deposited under the invalid agreement, that never ripened into a valid contract, on the basis of money had and received or unjust enrichment. Plaintiff proved such amount and proved her entitlement to its return as a matter of law and fact. See *Evans v. Evans*, 237 Ga. 549, 553 (228 SE2d 857) (1976); *Intl. Indem. Co. v. Bakco Acceptance*, 172 Ga. App. 28, 32 (2) (322 SE2d 78) (1984); *Barton & Ludwig, Inc. v. Thompson*, 170 Ga. App. 187, 188 (316 SE2d 786) (1984); *Regional Pacesetters v. Halpern Enterprises*, 165 Ga. App. 777, 782 (2) (300 SE2d 180) (1983); *City of Commerce v. Duncan & Godfrey, Inc.*, 157 Ga. App. 337 (277 SE2d 266) (1981).

An action for money had and received is a legal action, founded upon the equitable principle that no one ought to unjustly enrich himself at the expense of another, and it is a substitute for an equity action. It is appropriate where the plaintiff overpays or deposits more than was necessary with another, who has no legal right to retain the money. *J. C. Penney Co. v. West*, 140 Ga. App. 110, 111-112 (2) (230 SE2d 66) (1976). Such action is based upon the equitable principle that one ought not retain money where one would thereby be unjustly enriched at another's expense. *C & S Nat. Bank v. Youngblood*, 135 Ga. App. 638, 639 (219 SE2d 172) (1975). Plaintiff can recover for money had and received only where it appears that the defendants have received money belonging to the plaintiff which, in equity and good conscience, the defendants are not entitled to retain. Id.; *James Talcott, Inc. v. Roy D. Warren Commercial*, 120 Ga. App. 544, 545 (1) (171 SE2d 907) (1969).

While the trial court found that defendants had a duty to return the funds paid by the plaintiff, the defendants had rendered benefits to the plaintiff, in good faith, under the mutual mistake that there was a valid contract. The trial court found that the expenses and hourly rates for the time worked should be compensated by plaintiff; even though the contract was void, quantum meruit or the principle of unjust enrichment, applied on behalf of the defendants, gave rise to the duty for the plaintiff to pay to the defendants the value of the services and expenses incurred, because the plaintiff received some benefit. *Watson v. Sierra Contracting Corp.*, 226 Ga. App. 21, 28 (485 SE2d 563) (1997) (physical precedent only); *White v. Arthur Enterprises*, 219 Ga. App. 124 (1) (464 SE2d 225) (1995). Such duty to pay the value for the benefit in unjust enrichment is analogous to quantum meruit in that the duty to pay arises out of the receipt of the benefit accepted by the plaintiff from the defendants. Quantum meruit, unlike unjust enrichment, relies upon an implied promise of compensation. See *Yoh v. Daniel*, 230 Ga. App. 640, 642-643 (3) (497 SE2d 392) (1998).

As to the defendants, there was an expectation by the plaintiff that services be rendered at an agreed upon price, and at the time when they were rendered, plaintiff became obligated to pay for the services and expenses rendered on her behalf at her request, even though the written contract was void. OCGA § 9-2-7; *Zampatti v. Tradebank Intl. Franchising Corp.*, supra; *Owens v Landscape Perfections*, 215 Ga. App. 642 (451 SE2d 495) (1994). "Where an award of money damages is made for unjust enrichment [or quantum meruit], it must be supported by evidence from which it can be determined to a reasonable certainty that the [plaintiff] in fact realized such [gains]." (Citations and punctuation omitted.) *White v. Arthur Enterprises*, supra at 124 (1). Thus, in support of its counterclaim or set-off for damages, the defendants had the burden of proof, not the plaintiff.

Since both parties labored under a mutual mistake of fact that there was a valid contract and since plaintiff made the deposit with the defendants in belief that such was required under the contract, then OCGA § 13-1-13 has no application, because the money was not due and payable under a void contract. See *New York Life Ins. Co. v. Williamson*, 53 Ga. App. 28 (184 SE 755) (1936). Where the purpose for which funds were paid failed of accomplishment, the defendants cannot in good conscience retain such money, and the plaintiff is entitled to the return of such money. *Broome v. Cavanaugh*, 102 Ga. App. 563 (116 SE2d 881) (1960). OCGA § 13-1-13 must be construed with equitable principles governing money had and received. The plaintiff is not barred from recovering such funds, even if the plaintiff was negligent, when the trier of fact determines that the money should be returned; the trial court found that there should be a partial return of the money deposited. *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400 (349 SE2d 368) (1986). Here, neither of the parties knew all the facts, because even on appeal both parties believed that there existed a valid contract. See id. The trial court certainly weighed the equities and awarded the defendants all damages shown by the evidence.

Defendants' contentions that the return of funds were contract damages and that the deposit was voluntarily made lack merit.

2. Defendants' second enumeration of error lacks citation to either the record or the transcript and fails to give citation to authority. Therefore, under Court of Appeals Rule 27 (c) (2), such enumeration of error is deemed abandoned.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 21, 2000.

*Richard D. C. Schrade, Jr.*, for appellants.
*William C. Drosky*, for appellee.