S06G0630. BROWN et al. v. PENLAND CONSTRUCTION
COMPANY, INC.
(641 SE2d 522)

MELTON, Justice.

After some discussions with a number of people including Michael Brown, the former varsity baseball coach of Ridgeland High School, Penland Construction Company (PCC) constructed an indoor baseball hitting facility for the high school on land owned by the Walker County Board of Education (Board). When the Board refused to pay for the facility, PCC sued Brown, the Board, the school district, and the school's Athletic Boosters Club (Boosters Club). The defendants' motions for directed verdict were denied, and a jury awarded PCC $150,000, finding Brown, the Board, and the school district jointly and severally liable under a quantum meruit theory. The Court of Appeals affirmed. *Brown v. Penland Constr. Co.*, 276 Ga. App. 522 (623 SE2d 717) (2005). We granted certiorari to determine only whether the trial court erred by denying Brown's motion for directed verdict in which Brown argued that he was not liable to PCC under the doctrine of quantum meruit. See, e.g., *Engram v. Engram*, 265 Ga. 804 (463 SE2d 12) (1995). For the reasons that follow, we reverse.

Quantum meruit operates on the theory that "when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." OCGA § 9-2-7. However, any suit against a public official in his or her individual capacity is barred by official immunity where the public official has engaged in discretionary acts that are within the scope of his or her authority, and the official has not acted in a wilful or wanton manner; with actual malice; or with the actual intent to

cause injury. *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994); Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). There is no allegation that Brown acted in a wilful, malicious, or wanton manner in his dealings with PCC, or with an actual intent to cause injury. Thus, assuming that Brown, as Ridgeland High's baseball coach, had the authority to act on behalf of the Board to create an implied agreement here,[1] PCC's action for quantum meruit against him individually would be barred by official immunity. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d).

Even if we assume that Brown was acting beyond the scope of his authority, however, PCC's quantum meruit action against Brown individually would still fail. It is undisputed that the alleged agreement here was for PCC to build a hitting facility that was to be approved by the Board and paid for by the Boosters Club. Thus, although PCC rendered a service that was valuable to the school, it was the Board, and not Brown, that accepted those services to create an implied promise of payment. Because Brown did not individually accept the services rendered by PCC, there was no implied promise created for Brown to personally pay for the hitting facility. As such, an action in quantum meruit seeking payment for construction of the facility would not lie against Brown. See *Artrac Corp. v. Austin Kelley Advertising*, 197 Ga. App. 772, 777 (5) (399 SE2d 529) (1990) (successor corporation properly granted summary judgment on advertising company's quantum meruit claim where successor corporation was not the entity expected to pay for advertising work).

Because there is no implied agreement requiring Brown to pay for the hitting facility, PCC's argument that Brown is liable for having received a personal benefit from the construction of the hitting facility goes to the question of unjust enrichment, and not quantum meruit. *Cochran v. Ogletree*, 244 Ga. App. 537, 539 (1) (536 SE2d 194) (2000) ("[The] duty to pay the value for the benefit in unjust enrichment is analogous to quantum meruit in that the duty to pay arises out of the receipt of the benefit accepted . . . [but] [q]uantum meruit, unlike unjust enrichment, relies upon an implied promise of compensation") (citation omitted); *Engram*, supra, 265 Ga. at 807 (2) (unjust enrichment claim failed where "undisputed evidence show[ed] that the parties never intended that [defendants] be responsible for the cost of [a] bedroom addition"). Nevertheless, PCC's argument is without merit. The undisputed evidence reveals that Brown was merely plying his trade as a high school baseball coach in a facility

---

[1] Due to the limited scope of the certiorari question, we need not address the Court of Appeals' conclusion that PCC was entitled to sue the Board for quantum meruit under the circumstances of this case. See *Brown*, supra, 276 Ga. App. at 525-526 (2).

that had been provided for the benefit of the school; not that he obtained some special personal benefit from the facility outside of his role as a high school coach. Specifically, the Board owns the land upon which the facility was built, and Brown does not (see *Engram*, supra, 265 Ga. at 807 (2)); and Brown was paid by the school, not by individual students and athletes directly, for providing coaching services in the facility. In addition, any enhanced reputation conferred on the school's athletic program due to the existence of the hitting facility is a benefit conferred on the school, not on Brown as an individual, as this same "benefit" would be enjoyed by any baseball coach subsequently employed by the school. There is no evidence of record, but only speculation, that Brown's individual reputation was directly connected to, or for that matter enhanced by, PCC's construction of the hitting facility. To the contrary, the most that can be concluded from the record is that Brown's individual merit or lack thereof as a baseball coach is entirely unrelated to PCC's construction of the indoor hitting facility on school property. Accordingly, we reverse that portion of the Court of Appeals' opinion concluding that the trial court properly denied Brown's motion for a directed verdict. Id.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 22, 2007 —
RECONSIDERATION DENIED FEBRUARY 26, 2007.

*Page, Scrantom, Sprouse, Tucker & Ford, David A. Siegel, Hall, Booth, Smith & Slover, Wm. Scott Henwood, Malcolm C. McArthur, Jason D. Hergenroether*, for appellants.

*William D. Cunningham, Miller & Martin, Larry L. Cash*, for appellee.

*Weekes & Candler, Gary M. Sams, J. Stanley Hawkins, Thomas A. Cox*, amici curiae.