A07A0969, A07A1169. COASTAL WATER AND SEWERAGE COMPANY, LLC v. EFFINGHAM COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY (two cases).
(654 SE2d 236)

BERNES, Judge.

In these related cases, Coastal Water and Sewerage Company, LLC appeals superior court orders emanating from a property condemnation by the Effingham County Industrial Development Authority. In Case No. A07A0969, Coastal Water appeals the trial court's order denying its exceptions to the special master's award. Coastal Water contends that the trial court erred in concluding that it did not have a compensable interest in the property that was being

---

condemned. In Case No. A07A1169, Coastal Water appeals the trial court's dismissal of its subsequently filed tort action based upon the condemnation. For the reasons that follow, we affirm in both cases.

These cases involve the Authority's condemnation of approximately 2,600 acres of land originally owned by International Paper Realty Corporation ("IP"). On October 14, 2005, prior to the filing of the condemnation petition, IP contracted to sell a portion of the land to Research Forest Associates, LLC ("RFA"). The property sale agreement included a condemnation provision, in which RFA acknowledged that it had been informed of the Authority's expressed intent to condemn the property. The Authority had previously engaged in unsuccessful negotiations with IP for a purchase of the property, and had indicated that it would commence condemnation proceedings if no agreement was reached.

On October 21, 2005, RFA and Coastal Water entered into an agreement,[1] anticipating that Coastal Water would provide water and sewer services for the property in the event of its future purchase by RFA. On December 9, 2005, the Authority filed a petition for condemnation of the 2,600 acres and subsequently served both IP and RFA. Six days later, on December 15, 2005, IP and RFA, aware of the impending condemnation, nevertheless completed the property sale.

Coastal Water was allowed to intervene in the condemnation action based upon its services contract involving the property. Following an evidentiary hearing, the special master entered an award for the fair market value of the condemned land to IP and RFA, but denied Coastal Water's claim for compensation based upon its contract.

## Case No. A07A0969

Coastal Water filed an appeal and exception to the special master's award in the superior court. The court denied Coastal Water's claim and exception, finding that Coastal Water could not recover for business losses under its contract since it was not operating a business on the property at the time of the condemnation proceedings and since its claim was speculative.

We agree with the trial court. "A condemnee may recover business losses . . . if it operated a business on the property, if the loss is not remote or speculative, and if the property is 'unique.' " (Citations omitted.) *Davis Co. v. Dept. of Transp.*, 262 Ga. App. 138, 139 (1) (584

---

[1] Anthony Abbott was the manager of both RFA and Coastal Water. He executed the property sale agreement containing the condemnation disclosure provision on behalf of RFA, and then executed the RFA/Coastal Water services agreement on behalf of Coastal Water.

SE2d 705) (2003). Here, Coastal Water's claims involve "anticipated profits" based on a "planned-but-not completed" contract for services. Id. at 142 (2). "Those anticipated losses do not result from the government action on the date of the taking." Id. Moreover, such losses are remote and speculative, and thus, are not compensable. Id. See also *Ga. Power Co. v. Jones*, 277 Ga. App. 332, 334-337 (1) (a)-(d) (626 SE2d 554) (2006).

Coastal Water, however, argues that it did not seek a damages award based on the business loss rule but instead sought damages based upon the Authority's condemnation of its contractual rights. Coastal Water is correct that a contract is a property right which may be condemned for just and adequate compensation. *DeKalb County v. United Family Life Ins. Co.*, 235 Ga. 417, 419 (219 SE2d 707) (1975). "If . . . a contract or other property is *taken* for public use, the Government is liable; but, if injured or destroyed by lawful action, without a taking, the Government is not liable." (Emphasis in original.) *Omnia Commercial Co. v. United States*, 261 U. S. 502, 510 (43 SC 437, 67 LE 773) (1923).

Here, it is undisputed that the Authority did not appropriate Coastal Water's contract for public use. The Authority's land condemnation was for industrial purposes, and it did not purport to requisition the commercial and residential water and sewer services that Coastal Water was expected to provide under its contract. Rather, the Authority's land condemnation simply rendered the performance of Coastal Water's contract impossible. As such, "[the contract] was not appropriated but ended." *Omnia Commercial Co.*, 261 U. S. at 511. Coastal Water, thus, was not entitled to compensation on this ground. Id. See also *North Dade Water Co. v. Florida State Turnpike Auth.*, 114 S2d 458 (Fla. App. 1959) ("the incidental frustration of the performance of a contract by the public taking of certain other property is not compensable").

Moreover, a contract is not compensable when it merely confers a *future* right or interest not being enforced at the time of the condemnation proceedings. See *United Family Life*, 235 Ga. at 420-423 (provision for prepayment interest penalty not currently applicable under the contract was not compensable in the condemnation proceeding). At the time of the condemnation, Coastal Water's contract with RFA was executory and conferred only contingent future rights.[2] Finally, we note that while the contract provided for a conveyance of land to Coastal Water for its lift stations, pipelines, well site, and spray field, no such conveyance had occurred at the time

---

[2] The contract was not only contingent upon RFA's purchase of the property, but also upon the obtaining of the required permits for the land development.

the property was condemned. Thus, Coastal Water had no compensable interests in the real property. "[Coastal Water] has done no more than prove that a prospective business opportunity was lost. More than that is necessary [to constitute a compensable taking]." *United States v. Grand River Dam Auth.*, 360 U. S. 229, 236 (80 SC 1134, 4 LE2d 1186) (1960).

## Case No. A07A1169

On the same date that Coastal Water filed an exception to the special master's award, it also filed a separate tort action against the Authority, alleging that the condemnation had tortiously interfered with its contract. The Authority filed a motion to dismiss Coastal Water's tort action under OCGA §§ 9-2-5 (a)[3] and 9-12-40[4] on the grounds that the lawsuit involved the same allegations and issues resolved in the prior condemnation action. The court granted the motion, from which Coastal Water appeals.

The record establishes that in both the condemnation action and in the subsequently filed tort action, Coastal Water sought to recover a monetary award on the ground that the Authority's condemnation rendered its contract a nullity and that the condemnation action was brought in bad faith. As stated by the Authority, "[t]he prior condemnation action decided the issues encompassed in [Coastal Water's] subsequent tort action." By initiating both the condemnation appeal and the tort action, Coastal Water was "prosecut[ing] two actions in the courts at the same time for the same cause of action and against the same party," an act which is proscribed by OCGA § 9-2-5 (a).[5] Since Coastal Water had already initiated an appeal of the special master's ruling to the superior court, its subsequently filed tort action raising the same issues was properly dismissed. See OCGA § 9-2-5 (a); *Dawson v. McCart,* 169 Ga. App. 434, 435 (1) (313 SE2d 135) (1984) ("If the causes of action arise out of the same transaction and

---

[3] OCGA § 9-2-5 (a) provides:
No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

[4] OCGA § 9-12-40 provides:
A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

[5] We find no merit in Coastal Water's claim that there was a difference in the parties' status in the cases. Coastal Water occupied the status of a plaintiff in its appeal to the superior court and in its tort action.

if the second suit would resolve the same issues as the first pending suit and would therefore be unnecessary and, consequently oppressive, the second suit should be abated by the first.") (citations and punctuation omitted).

*Judgments affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 15, 2007.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield,* for appellant.

*Edenfield, Cox, Bruce & Classens, Susan W. Cox, Claude M. Kicklighter, Jr.,* for appellee.