**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 9, 2014**

# In the Court of Appeals of Georgia

A14A0999. PENNINGTON et al. v. GWINNETT COUNTY, GEORGIA.

McFADDEN, Judge.

Steve and Brenda Pennington appeal the trial court's grant of summary judgment to Gwinnett County in the Penningtons' action seeking compensation for the loss of a business opportunity. The Penningtons argue that the county's interference scuttled their deal with T-Mobile South LLC under which T-Mobile intended to lease a portion of their property for the installation of a cell phone tower. They argue that this interference resulted in a taking and amounted to an inverse condemnation. But because the evidence is undisputed that the Penningtons merely had an option contract with T-Mobile and that T-Mobile decided not to exercise that

option, as was its right, the Penningtons have not shown a taking or an inverse condemnation. We therefore affirm.

A trial court may grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). "We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *City of Tybee Island v. Live Oak Group, LLC*, 324 Ga. App. 476, 477 (751 SE2d 123) (2013) (citation omitted).

1. *Facts*.

Viewed in the light most favorable to the Penningtons as nonmovants, the record shows that on May 21, 2008, the Penningtons entered a contract with T-Mobile granting T-Mobile the option to lease a portion of the Penningtons' property for the installation of a cell phone tower. The contract was entitled "Site Lease with Option." The contract specified that in exchange for T-Mobile's payment of $1,000, the Penningtons granted T-Mobile "an option to lease" a portion of their property, that this option was "for an initial term of twelve (12) months," and that T-Mobile could extend the option period by an additional twelve months "upon written notice

2

and payment" of an additional $1,000. It provided that T-Mobile "may exercise the Option" by notifying the Penningtons in writing and that "[i]f [T-Mobile] exercise[d] the Option, then [the Penningtons] [t]hereby lease[d] to [T-Mobile] that portion of the Property sufficient for placement of the Antenna Facilities. . . ." A separate document, entitled "Owner Authorization Agreement," was signed by Brenda Pennington, granted T-Mobile the right to enter the Penningtons' property, and provided that "EACH PARTY ACKNOWLEDGES THAT THE OTHER HAS MADE NO REPRESENTATIONS OR COMMITMENTS THAT A LEASE AGREEMENT CONCERNING THE PROPERTY WILL BE ENTERED INTO IN THE FUTURE." (Capitalization in original.) T-Mobile extended the option for a total of three years, each time paying additional compensation to the Penningtons.

Within a month of entering the Site Lease with Option, T-Mobile filed with the Gwinnett County Department of Planning and Development an application to place the cell tower on the Penningtons' property. At T-Mobile's request, consideration of the application was tabled more than 20 times, until April 26, 2011, when the application was denied, also at T-Mobile's request. In the meantime, in April 2009, the county amended its policy to allow the placement of cell phone towers on county property, and on November 2, 2009, T-Mobile formally requested that Gwinnett

3

County consider entering into a lease for placement of the tower at a county park near the Penningtons' property. T-Mobile and Gwinnett County entered such lease on January 25, 2011.

The Penningtons filed this lawsuit, alleging that Gwinnett County confiscated the value of their lease with T-Mobile, which constituted an improper taking by inverse condemnation. They also alleged that Gwinnett County tortiously interfered in their dealings with T-Mobile.

The trial court granted the county's motion for summary judgment. The court ruled that sovereign immunity barred the Penningtons' tortious interference claim against the county; that the Penningtons' inverse condemnation claim failed on the merits because they had no compensable interest in the lease part of the option contract, since it was within T-Mobile's discretion whether or not to exercise the option; that because T-Mobile chose not to exercise the option, the Penningtons could not show that they had sustained a loss compensable under their theory of inverse condemnation; and that the Penningtons' claims were time barred.

The Penningtons appeal only the grant of summary judgment on their inverse condemnation claim. They argue that the trial court erred by failing to acknowledge they were pursuing an inverse condemnation claim; by concluding they had no

4

property interest that was taken, given the nature of an option contract; by finding that their damages were too speculative; and by determining that their claims were time barred.

2. *The Penningtons had no property interest that was taken.*

The Penningtons argue that the trial court erred by holding that they could not pursue their inverse condemnation claim because T-Mobile had sole discretion whether to exercise the option. We disagree.

Inverse condemnation "is not limited to a taking of real property, but it applies only if the complaining party has a valid property interest in that which is taken." *Brown v. Penland Const. Co.*, 276 Ga. App. 522, 525 (1) (623 SE2d 717) (2005), reversed in part on other grounds, 281 Ga. 625 (641 SE2d 522) (2007). The Penningtons have not shown that they had a valid property interest in that which was allegedly taken. They describe the thing taken as the "business opportunity of leasing a portion of their property to T-Mobile for erection of and use of a cell phone tower;" "the business opportunity of placing a cell tower" on their lot; and "the business opportunity . . . of developing their property." But the Penningtons never had a lease with T-Mobile. They merely had an expectation of a lease, which was extinguished when T-Mobile chose not to exercise its option, as was its right. In the trial court, the

5

Penningtons stipulated that the agreement was an option contract that granted T-Mobile complete discretion whether or not to lease the Penningtons' property. And they acknowledge that they received compensation for granting the option and its renewal.

A contract is not compensable when it merely confers a contingent, future right. *Coastal Water & Sewerage Co. v. Effingham County Indus. Dev. Auth.*, 288 Ga. App. 422, 424 (654 SE2d 236) (2007). "[The Penningtons have] done no more than prove that a prospective business opportunity was lost. More than that is necessary to constitute a compensable taking." Id. at 428 (punctuation omitted) (citing *United States v. Grand River Dam Auth.*, 360 U. S. 229, 236 (80 SCt 1134, 4 LE2d 1186) (1960)). See also *State Bd. of Educ. v. Drury*, 263 Ga. 429 (437 SE2d 290) (1993) (teachers who were denied renewable teaching certificates under invalidly promulgated regulations were not entitled to recover damages under the taking provision of the state Constitution, since they did not have a property interest in renewable teaching certificates that were never issued to them).

3. *Remaining enumerations of error.*

Given our holding that the Penningtons had no property right that was taken, we do not reach their remaining enumerations of error. See *Jenkins v. Dept. of Corrections*, 238 Ga. App. 336, 340 (2) (518 SE2d 730) (1999).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.